[15275. Department Two.—April 8, 1893.]

JENNETTE KRUMDICK, EXECUTRIX, ETC., PETITIONER,
    v. R. W. CRUMP, JUDGE OF THE SUPERIOR COURT OF
    LAKE COUNTY, RESPONDENT.

CHANGE OF PLACE OF TRIAL—DUTY OF DISQUALIFIED JUDGE.—Under section
    398 of the Code of Civil Procedure, it is the duty of a judge before whom an
    action is pending, and who is disqualified from acting as such, to transfer the
    cause without delay to some other court where the like disqualification does
    not exist.

ID.—DISQUALIFICATION OF JUDGE AS ATTORNEY—COUNTER-SHOWING—CONVEN-
    IENCE OF WITNESSES—CALLING IN OF ANOTHER JUDGE—MANDAMUS.—Where
    the uncontradicted affidavits in support of a motion to change the place of trial
    of an action, for disqualification of the judge, show that the judge had been the
    attorney for the opposing party in the action, it is the duty of the judge, who
    knows of his own disqualification, to grant the motion without delay, and with-
    out entertaining any counter-motion calling for the exercise of judicial discre-
    tion, and he is not justified in refusing or neglecting to act on the motion merely
    because the opposing party files an affidavit tending to show that the conven-
    ience of witnesses requires the retention of the case and the calling in of another
    judge to try it; and where the judge refuses or neglects to grant the motion, a
    peremptory writ of mandate will be issued by the appellate court commanding
    him to grant it.

APPLICATION to the Supreme Court for a writ of mandate.

The facts are stated in the opinion of the court.

*J. H. Seawell, Thomas B. Bond,* and *A. Yell,* for Petitioner.

*Clay W. Taylor,* and *J. Chadbourne,* for Respondent.

BEATTY, C. J.—This is an original proceeding by manda-
mus. The petitioner is plaintiff in an action (*Krumdick* v.
*White*) commenced in the superior court of Lake County in the
year 1887. The respondent, who was the attorney for the
defendant in that action, has been since January, 1891, judge of
the superior court of Lake County. In December, 1891, the
judgment of the superior court of Lake County in the action
referred to was reversed by this court, and the cause remanded
for a new trial. (*Krumdick* v. *White,* 92 Cal. 143.) On the
14th of January, 1892, the remittitur was filed in the superior
court, and on the 16th of the same month Mrs. Krumdick's
attorney duly notified the defendant White that she would on
the 1st of February, 1892, move the superior court of Lake
County for an order transferring said cause for trial to the near-
est superior court, where the like objection or cause for re-

moval did not exist, upon the ground that the judge of the superior court of Lake County (the respondent herein) was disqualified. This notice of motion was accompanied and supported by a formal demand for a change of the place of trial of said action and by affidavits showing the disqualification of the judge.

On the 1st of February, 1892, said motion came on regularly to be heard before the respondent, but the hearing was continued by him to February 8th, because the defendant in said action was not present. On February 8th, on motion of the defendant's attorney, opposed by plaintiff's attorney, the hearing of said motion was again continued to February 15th. On February 15th the hearing was continued by consent to March 14th. On that day the motion was by consent submitted on briefs to be filed by plaintiff in ten days; defendant in fifteen and plaintiff five.

On March 19th the defendant in that action filed and served on the plaintiff an affidavit tending to show that the convenience of witnesses required that said action be not removed to another county, but be retained in Lake County to be tried before some superior judge from some other county, to be called for that purpose. On March 21st the order of March 14th for the submission of the motion on briefs to be filed was vacated by respondent, and a new order to the same effect extending for one week the time of the respective parties for filing briefs was entered. Briefs were thereafter filed in pursuance of the last order. At the time of filing her reply brief, April 20, 1892, plaintiff delivered to the respondent all the papers in the case, and her motion was regularly submitted, but it has never been decided. This proceeding to compel the respondent to act upon said motion and to grant it was commenced January 7, 1893, nearly nine months after the motion was submitted.

The respondent's excuse for not acting on the motion is that the affidavit filed by the defendant on March 19th, tending to show that the convenience of witnesses required the retention of the cause in Lake County for trial, presented an issue which he was disqualified to try or determine, and made it necessary that he should call another superior judge from some other county to decide the motion. And he says he did invite the Hon. S. K. Dougherty of Sonoma County to hold a session of the superior court in Lake County to hear and determine

causes in which he was disqualified; that Judge Dougherty, in pursuance of such invitation, did hold such session of court, commencing June 8, 1892; that said cause of *Krumdick* v. *White* was on the calendar for June 8, 1892, and regularly called by Judge Dougherty, but was on motion of the plaintiff stricken from the calendar, and never restored.

There is nothing in any of the facts here recited to justify or excuse the respondent for refusing or neglecting to perform the plain statutory duty imposed upon him by section 398 of the Code of Civil Procedure. The case provided for by that section was clearly made out by the uncontradicted affidavits filed in the support of the motion, and aside from the affidavits the essential fact upon which the right to transfer the cause depended was necessarily within the knowledge of the respondent, whose duty it was to make the order without delay. (*Livermore* v. *Brundage*, 64 Cal. 299.) There should have been no postponement on account of the absence of the defendant, no continuances, no time given for the filing of briefs, no holding under advisement, no entertaining of any counter-motion based upon grounds calling for the exercise of judicial discretion. The plain injunction of the statute leaves the disqualified judge in such cases no discretion. He has but one thing to do, and it is his duty to do that thing at once.

This case does not come within the rule of *Upton* v. *Upton*, 94 Cal. 26, in which we felt constrained to follow the decision in *Paige* v. *Carroll*, 61 Cal. 216. We did so, however, because the point of practice had been so settled, and not without serious doubts as to the correctness of the decision which ignores what seems to be a substantial provision of the statute, designed to prevent the selection by either party to the controversy of the court and judge before whom the trial is to be had. It is not necessary here to determine whether the practice tolerated in *Upton* v. *Upton*, and *Paige* v. *Carroll*, supra, can be longer recognized. It is enough to say that in those cases the court went to the extreme verge of toleration, and that the exceptions to the statutory rule will certainly not be extended.

It is ordered that a peremptory writ of mandate issue as prayed.

DE HAVEN, J., and MCFARLAND, J., concurred.