## REMY v. OLDS et al.

### No. 18,316; November 4, 1895.

#### 42 Pac. 239.

**Disqualification of Judge—Calling Another Judge.**—Code of Civil Procedure, section 398, requiring a judge who is disqualified from acting in a cause to transfer it, if pending before him, to some other court, is not satisfied by calling to the court of the disqualified judge a judge who is not disqualified.[1]

APPEAL from Superior Court, Merced County; Joseph H. Budd, Judge.

Action by Theophile Remy against E. J. Olds and others. From an order denying change of venue, defendants appeal. Reversed.

J. W. Knox for appellants; James F. Peck and T. C. Law for respondent.

BRITT, C.—Messrs. J. K. and T. C. Law, brothers, were attorneys for plaintiff in this action. The former was elected judge of the superior court of Merced county, where the action was and is yet pending, and entered upon the discharge of the duties of that office; his brother remained an attorney of record for the plaintiff. This being the situation of the case, defendants notified plaintiff that they would on December 7, 1893, move said court to change the place of trial of said action to another superior court on the double ground of the relationship of Hon. J. K. Law, judge of the Merced court, to one of the plaintiff's attorneys, and that he had himself been an attorney for the plaintiff in the action. The fact of such notice being brought to the attention of Judge Law on December 4th, he announced to the parties in open court that

---

1 Cited and approved in City of Oakland v. Hart, 129 Cal. 105, 61 Pac. 782, a case in which the disqualified judge had so called in another superior court judge, but with the concurrence of counsel. It was held there that, after important matters had been disposed of before the judge called in, the parties could not raise a question as to the regularity of his appointment.

Cited in People v. Ebey, 6 Cal. App. 772, 93 Pac. 381, where the rule of disqualification is discussed and applied in a criminal case.

he would not hear the motion, but would have another judge to hear it. Defendants objecting to such course, he stated that the objection should be presented to such other judge. On said December 7th, Hon. Joseph H. Budd, judge of the superior court of San Joaquin county, at the request of Judge Law, held a session of the said Merced superior court for the dispatch of various matters, and called for hearing the said motion for change of venue. Defendants objected, for the reasons, among others, that it was the duty of said judge of the Merced court to hear the motion; that he was then present in the courthouse; and that Judge Budd had been selected and requested by him to be present for the purpose of hearing such motion. The matters of fact stated in the objections made were shown by evidence admitted in support thereof. The objections were overruled, Judge Budd stating that he would then, or as soon as counsel were ready, preside as judge on the trial of the case. An order was then entered reciting that the motion was heard at a session of the court held by Judge Budd, at the request of Judge Law; that the former was not disqualified to act as judge at the trial of the action—and denying the motion.

The statutes pertaining to the matter may be thus abstracted: No judge shall act as such in any action when he is related to an attorney or counsel of either party by consanguinity or affinity within the third degree, or when he has been attorney or counsel for either party in the action; but his disqualification does not extend to the power of transferring the action to another court: Code Civ. Proc., sec. 170, as amended in 1893. The court may, on motion, change the place of trial when from any cause the judge is disqualified from acting: Id., sec. 397. If an action is pending in a court, and the judge is disqualified from acting as such, it must be transferred for trial to a court the parties may agree upon; or, if they do not agree, then to the nearest court where the like objection does not exist: Id., sec. 398.

The case differs in no material particular from Upton v. Upton, 94 Cal. 26, 29 Pac. 411, where similar proceedings by the same judges, resulting in a denial of an application for change of venue, were sustained by this court; and the order appealed from here should be affirmed if that case is to be followed. But the court subsequently said of Upton v. Upton: "We felt constrained to follow the decision in Paige v. Car-

roll, 61 Cal. 216. We did so, however, because the point of practice had been so settled, and not without serious doubts as to the correctness of the decision, which ignores what seems to be a substantial provision of the statute, designed to prevent the selection by either party to the controversy by the court and judge before whom the trial is to be had. It is not necessary here to determine whether the practice tolerated in Upton v. Upton and Paige v. Carroll can be longer recognized'': Krumdick v. Crump, 98 Cal. 119, 32 Pac. 800. In the present instance that necessity arises; and it seems to us that the sooner cases which ignore such a provision of the statute are overruled, the better for the courts, at least, in which any ground for suspicion even of indelicacy in matters of this sort would be lamentable. For the purposes under view, the law treats counsel as identified with his client. It has made axiomatic the principle that no man ought to be a judge in his own cause: North Bloomfield Gravel Min. Co. v. Keyser, 58 Cal. 322. High authorities seem to consider such a power not conferrable by act of parliament or the constitutions of our states: Co. Litt., sec. 212; Cooley Const. Lim., pp. 207, 506–509. But the difference between judging one's own cause and the right to select another to judge therein is more of shadow than substance. To men of turn for intrigue probably the latter privilege would appear more valuable than the former. We consider that the statute which requires a judge who is disqualified from acting in a cause by reason of interest, or by having been of counsel, or otherwise, to transfer the same if pending before him to some other court (Code Civ. Proc., sec. 398), is not satisfied by his calling a judge who is not disqualified, and who must perforce deny the transfer, and so become the appointee of the first for the trial of the cause; and, without meaning to intimate by anything here said—as we do not at all suspect—that either of the learned judges named was actuated by other than the sincerest desire to keep within the law and serve the substantial convenience of the litigants, we are of the opinion that the order appealed from should be reversed. It will, of course, be understood that the ruling here does not forbid the parties to agree upon another judge, who, pursuant to such agreement, might be requested to try the action in the court where the same is pending, as provided by the constitution (article 6, section 8); and, in those courts having several judges, the necessity for transfer

of a cause on this ground cannot exist, unless all the judges are disqualified.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is reversed.