[S. F. No. 981.  Department Two.—June 28, 1899.]

SANTA CRUZ BANK OF SAVINGS, Respondent, v. ARTHUR A. TAYLOR et al., Appellants.

ACTION TO FORECLOSE MORTGAGE—CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE—DENIAL OF MOTION BY SUCCESSOR.—The ruling upon a motion to change the place of trial of an action to foreclose a mortgage on the ground of the disqualification of the judge, which was taken under advisement by the disqualified judge, and never passed upon, and was again called up for hearing before his successor, who was qualified to try the case, is to be tested by the conditions existing when the motion is passed upon, and the qualified judge may properly deny the motion.

ID.—DUTY OF JUDGE—JURISDICTION OF COURT.—The mere fact that the disqualified judge had no discretion, and could not have retained the case, or have called in another judge, did not deprive the court of jurisdiction of the action to foreclose the mortgage which was not in fact removed; and when the judge of that court became qualified to try the action, before the motion to change the place of trial was passed upon, there was no longer any foundation for the motion, and it was the duty of the qualified judge to retain the case.

APPEAL from an order of the Superior Court of Santa Cruz County refusing to change the place of trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellants.

William T. Jeter, for Respondent.

TEMPLE, J.—This action was brought in the county of Santa Cruz, to foreclose a mortgage, on the fifth day of July, 1895.

The defendant, Mary P. Taylor, appeared and filed a demurrer to the complaint December 17, 1895. On the thirtieth day of January, 1896, which was within ten days after the service of summons upon the said Mary P. Taylor, she again appeared and filed her affidavit of merits and moved the court to change the place of trial because the judge of the court was disqualified. When the motion to change the place of trial was submitted does not appear, but it is stated in the bill of exceptions that it was submitted while Hon. James H. Logan was superior judge of the county. Perhaps it was submitted near the end of Judge Logan's term, but, at all events, the motion was taken under advisement by Judge Logan and was never passed upon by him, although it was admitted upon the hearing of the motion that Judge Logan was disqualified.

In March, 1897, counsel for plaintiff called up the motion before Hon. Lucus F. Smith, who had succeeded Judge Logan, and the motion was by him denied and defendant excepted. It was not claimed that Judge Smith was disqualified.

Undoubtedly, it was the duty of Judge Logan promptly to transfer the cause to the nearest and most accessible county,

where the like objection did not exist, and he had no discretion in the matter except to determine which court was the proper court under the statute. (*Krumdick v. Crump*, 98 Cal. 117.) But Judge Logan went out of office without taking any action in the matter, and when he ceased to be judge there was no foundation for the motion. It was no longer true that the superior judge of the county was disqualified, and the statute no longer authorized or required the transfer of the cause.

The fact that Judge Logan had no discretion and could not have retained the case, or have called in another judge, did not deprive that court of jurisdiction, and when the judge himself became qualified to try the action it was his duty to retain the case as against such a motion. The statute does not authorize a transfer because a person who is not a judge of the court, and could not sit as judge in the case, could not act as judge if he had in fact been judge. The reason why the judge of the county cannot call another to try the case is stated in *Krumdick v. Crump, supra*. It is that the judge shall neither try his own case nor select his judge. This case is not within the evils provided against by that rule. Judge Smith's ruling must be tested by the conditions which existed when it was made.

The order is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.