[L. A. No. 606.    Department One.—May 12, 1900.]

ANAHEIM WATER COMPANY et al., Respondents, v. JURUPA LAND AND WATER COMPANY et al., Appellants.

CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE—TRANSFER TO "NEAREST" OR "MOST ACCESSIBLE" COURT.—In case of the disqualification of a judge by reason of his interest in the subject matter of the action, he is in duty bound to transfer the cause to the nearest or most accessible court, if the parties do not agree as to where the action should be transferred for trial. If the "nearest" court is also the "most accessible," the judge has no discretion; but if some other court than the "nearest" in distance is the "most accessible" in means of communication, the court may transfer the cause to the "most accessible" court, though it may not be the "nearest."

ID.—CONVENIENCE OF WITNESSES—DETERMINATION BY QUALIFIED JUDGE.— The disqualified judge cannot properly pass upon a question of the convenience of witnesses; but that matter is to be determined by a qualified judge of the nearest or most accessible court.

ID.—DISCRETION OF JUDGE—CONFLICTING AFFIDAVITS—MOTION BY PART OF DEFENDANTS.—A judge, if properly passing upon a motion to transfer the cause to some other court than the nearest or most accessible court on account of the convenience of witnesses,

does not abuse his discretion in refusing such motion, where the affidavits are conflicting as to what is the most convenient court for witnesses, and only forty-five out of two hundred and fifty defendants joined in the motion.

APPEAL from an order of the Superior Court of Orange County changing the place of trial of an action.   J. W. Ballard, Judge.

The facts are stated in the opinion.

R. E. Houghton, Houghton & Houghton, Collier & Evans, E. W. Freeman, P. S. Castleman, and Byron Waters, for Appellants.

E. E. Keech, Richard Melrose, John S. Chapman, and A. W. Hutton, for Plaintiffs, Respondents.

Graves, O'Melveny & Shankland, W. E. Bell, Purington & Adair, W. A. Purington, E. W. McGraw, Paris & Allison, Charles L. Allison, Goodcell & Leonard, Freeman & Bates, John Brown, C. E. Sumner, Murphy & Gottschalk, F. B. Daly, Curtis, Oster & Curtis, and Ezra Crossman, for Defendants made Respondents.

COOPER, C.—This appeal is by certain defendants from an order made by the superior court of the county of Orange, changing the place of trial from said county to the superior court of Los Angeles county.   The order was made at the request of plaintiffs upon affidavit showing that the judge of the superior court of Orange county was disqualified by reason of personal interest in the corporation plaintiff.   The fact that the judge was disqualified was conceded, but upon the hearing of the motion affidavits were filed, on behalf of certain defendants, tending to show that it would be more convenient and less expensive for the defendants making the application to have the case transferred either to the superior court of San Bernardino or of Riverside county.   These affidavits did not tend to show that the superior court of the county of Los Angeles was not the nearest and most accessible court to the superior court of Orange county; but the defendants who have appealed claim that the court must take into consideration the residence of defendants and their witnesses, and the conven-

ience of witnesses, in determining which is the most accessible court, and transfer the cause to such court. We do not think this the correct interpretation of the statute. It is provided in the Code of Civil Procedure, section 398, that where from any reason the judge of the court where the action is pending is disqualified, and the parties do not agree as to the court to which the place of trial shall be changed, then the action "must be transferred for trial .... to the nearest or most accessible court where the like objection or causes for making the order does not exist." There was no question as to the disqualification of the judge, and the parties did not agree as to where the action should be transferred for trial. The case was clearly such that it was the plain statutory duty of the judge to transfer the cause to the nearest or most accessible court. It was said by this court in construing said section 398, in *Krumdick v. Crump*, 98 Cal. 119: "There should have been no postponement on account of the absence of the defendant, no continuances, no time given for the filing of briefs, no holding under advisement, no entertaining of any counter-motion based upon grounds calling for the exercise of judicial discretion. The plain injunction of the statute leaves the disqualified judge in such cases no discretion. He has but one thing to do, and it is his duty to do that thing at once." It is claimed that since the decision in *Krumdick v. Crump, supra,* the words "or most accessible" have been added to the section by amendment, and that the decision for this reason does not apply. We think the decision applies, and that the words "most accessible" refer to and mean most accessible from the court in which the action is pending. The word "nearest" clearly means the court nearest to the court in which the action is pending. The words "most accessible" mean that in case the nearest court cannot, on account of mountainous roads or want of railroad communication, be reached as easily as some other court having railroad or other communication, then the court may transfer the action to the most accessible court to the court from which it is transferred, although it may not be the nearest. The statute says the action must be transferred to the nearest or most accessible court. In this case the transfer was made to the nearest court, and the court clearly had the right to so

transfer it.  The order also recites that the court to which the action was transferred is the most accessible.  It is presumed that an action will always be brought in the proper county, that the proper county is the most convenient for all parties, that if for any reason it cannot be tried in the county in which it is brought, the nearest or most accessible county to the county in which the action is pending is the nearest or most accessible to the parties.  After the action has been so transferred to a court in which the judge is qualified, all matters may be heard and determined by him.  If the convenience of witnesses and the ends of justice would be promoted by a change of venue, the judge will hear and pass upon a proper motion for such change.  We do not think the statute contemplates that a judge who is disqualified shall hear evidence and pass upon a motion which may very materially affect the rights of the litigants.  But, if we were to assume that by the affidavits the defendants, who have appealed, moved for an order changing the place of trial to San Bernardino or Riverside county, and that the disqualified judge could pass upon such motion, the order would have to be upheld as there would not appear to have been any abuse of discretion.

It does not appear how many plaintiffs there are in the case. It does appear that there are over two hundred and fifty defendants, and only some forty-five joined in the motion.  The affidavits filed are contradictory as to which county would be the most convenient for witnesses, San Bernardino or Riverside, and does not set forth the names of the witnesses, nor what the defendants expect to prove by either of them.  The names of six attorneys or firms are signed to the notice of appeal, but there is nothing in the record to show what defendant or defendants either of them represents, except it appears that "Collier & Evans" represent some thirty-five whose names are given in the affidavit of Lyman Evans contained in the record.  It does appear that many defendants are represented by other attorneys, and that these defendants were not parties to the motion and have not appealed from the order.

We advise that the order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        Garoutte, J., Harrison, J., Van Dyke, J.