[S. F. No. 2711.   In Bank. — July 13, 1901.]

## J. H. MANSFIELD, Respondent, v. D. E. O'KEEFE, Appellant.

Appeal — Change of Place of Trial — Filing Notice and Undertaking — Dismissal. — Under sections 940 and 941 of the Code of Civil Procedure, the notice of appeal from an order changing the place of trial to another county, and the undertaking on appeal, must each be filed in the office of the clerk of the superior court of the county which made the order; if filed with the clerk of the county to which the transfer was made, the appeal is ineffectual, and will be dismissed.

MOTION to dismiss an appeal from an order of the Superior Court of San Mateo County changing the place of trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

John E. Richards, and James T. O'Keefe, for Appellant.

H. E. Highton, for Respondent.

VAN DYKE, J.—Motion to dismiss an appeal. The appeal is taken by defendant, or attempted to be taken, from an order of the superior court of the county of San Mateo changing the place of trial of said cause therefrom to the superior court of the county of Santa Clara. The motion to dismiss the appeal is based upon the ground that the notice of appeal from said order, as well as the bill of exceptions settled by the judge of said county, and the undertaking on appeal, were each and all filed in the superior court of the county of Santa Clara, instead of being filed in the superior court of the county of San Mateo, in which court said order appealed from was entered, and that, as matter of law, no appeal has been taken from the order transferring the trial of said cause. "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney." (Code Civ. Proc., sec. 940.) The same section declares that "the appeal is ineffectual for any purpose, unless within five

days after service of the notice of appeal, an undertaking be filed or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing." The next section provides that the undertaking on appeal must be executed on the part of the appellant, by at least two sureties, in a sum not exceeding three hundred dollars, "or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal." In support of the motion, the respondent has submitted a certificate from the county clerk of Santa Clara County, showing that the notice of appeal from said order, and the bill of exceptions settled by the judge of the superior court of San Mateo County, and the undertaking on appeal, were filed in said Santa Clara County, and a certificate from the county clerk of San Mateo County, in which it is stated that no notice of appeal from said order has been filed in that county.

The appellant, in resisting the motion to dismiss, admits that section 940 is applicable to appeals in general, but contends that an appeal from an order changing a place of trial is exceptional, and that it is controlled by section 399 of the Code of Civil Procedure, which provides that in case of a change of place of trial, "the court to which an action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein." The meaning of that provision, as the language imports, is, that the court to which the action is transferred from that time forward has a like jurisdiction over the trial of the action, or other proceeding relating thereto, as though the action had been commenced therein, but not over orders or proceedings had prior thereto by a court of another county. On appeal from that order the appellant must furnish this court, among other papers, with a copy of the order appealed from. (Code Civ. Proc., sec. 951.) The order appealed from in this case must have been entered in the minutes of the court in which it was granted. (Code Civ. Proc., sec. 1003.) And the clerk of that court would be the proper one to furnish a copy of said order for the appellant. The alleged error complained of was committed by the superior court of San Mateo County, and the relief is sought as against that court, and the notice of appeal and undertaking must be filed in the court from whose judgment or order the appeal is taken. The only cases cited by the appellant in re-

sisting the motion are *Krumdick* v. *Crump*, 98 Cal. 117, and *Brady* v. *Times-Mirror Co.*, 106 Cal. 56.   In both of these cases the court below refused to transfer the trial of the cause, and the appeals were taken from such order.   They have no bearing on the question involved on this motion to dismiss.

The appeal not having been taken in the manner prescribed by law, the motion to dismiss must be granted, and it is so ordered.

Temple, J., McFarland, J., and Beatty, C. J., concurred.