[Crim. No. 63. Second Appellate District.—November 15, 1907.]

# THE PEOPLE, Respondent, v. EDWARD J. EBEY, Appellant.

CRIMINAL LAW—DISQUALIFIED JUDGE—RELATIONSHIP TO ATTORNEY FOR DEFENDANT—POWER TO SELECT QUALIFIED JUDGE.—A judge who is disqualified by his relationship to an attorney for the defendant in a criminal case has power under the plain and unambiguous language of section 8 of article VII of the state constitution, to select a qualified judge to try the case. [By Supreme Court. Appellate Court, *contra*.]

ID.—JURISDICTION—LIMITED POWER OF DISQUALIFIED JUDGE.—A disqualified judge has power to arrange the calendar and to adjust the order of business, but has no jurisdiction to preside at the arraignment of the defendant, or to hear his plea or to take any other preliminary step in the prosecution of the case against the accused.

APPEAL from a judgment of the Superior Court of Riverside County. Z. B. West, Judge presiding.

The facts are stated in the opinion of the court.

Lafayette Gill, for Appellant.

U. S. Webb, Attorney General, for Respondent.

TAGGART, J.—Defendant appeals from a judgment of the superior court of the county of Riverside, after a conviction upon a charge of burglary alleged to have been committed in that county.

He was arraigned before the superior judge for Riverside county, Hon. F. E. Densmore, and upon his refusal to plead to the information, the clerk was ordered to enter a plea of "not guilty" for him. The judge of said court then ordered said cause to be set for trial, and a jury to be drawn to try the issues raised therein, and said judge presided during said drawing. All of these acts and rulings of the court in relation thereto were objected to by defendant on the ground that said judge was related to the attorney for the defendant by consanguinity within the third degree, and therefore disqualified to act in said cause. This was made to appear by affi-

6 Cal. App.—49

davit of the attorney for defendant that he and the judge were half-brothers born of the same mother.

On the day set for the trial of said cause, Hon. Z. B. West, the superior judge for Orange county, attended upon the court in Riverside county at the request of Judge Densmore, and against the objection of defendant presided at the trial of said cause which resulted in defendant's conviction. Defendant objected to Judge West sitting at said trial because he did so at the request of Judge Densmore, who, it is claimed, was disqualified to select a judge to try said cause.

These acts of Judge Densmore are the only matters presented in the transcript on appeal as errors of law justifying a reversal of the judgment. The preliminary steps taken are not especially urged, the appeal being rested upon the one question of the power of a judge who is disqualified by relation to counsel for one of the parties to a criminal action to request the judge of another county to sit at the trial of said action.

The disqualification relied upon is that created by section 170 of the Code of Civil Procedure, to wit: "No justice, judge, or justice of the peace shall sit or act as such in any action or proceeding: 1. . . . 2. Where he is related to either party, . . . or to an attorney, counsel or agent of either party, by consanguinity, or affinity, within the third degree, computed according to the rules of law." Subdivision 4 of the section provides that when bias or prejudice of the judge is shown he shall forthwith secure the services of another judge to preside "at the trial of the action or proceeding." . . . "But the provisions of this section shall not apply to the arrangement of the calendar, or to the regulation of the order of business, nor the power of transferring the action or proceeding to some other court, or the hearing upon (such) affidavits and counter-affidavits" (upon the showing made upon an application for such transfer).

The Penal Code contains no provision relating especially to disqualification of judges to sit or act in criminal cases, and the only ground for the removal of a criminal action from the court in which it is pending appears to be "that a fair and impartial trial cannot be had in the county"; and this removal can only be had upon the application of the defendant. (Pen. Code, sec. 1033.) Section 7 of the bill of rights in the state constitution of 1879 provides that "the right of

trial by jury shall be secured to all, and remain inviolate.''
This means the right as it existed at common law, and includes the right to be tried in the county where the crime is charged to have been committed, as well as to having a jury of the vicinage. (*People* v. *Powell,* 87 Cal. 348, [25 Pac. 481].)

The provisions of part I of the Code of Civil Procedure (secs. 33 to 304) relate to courts of justice and their organization and jurisdiction generally, civil and criminal, but sections 397 et seq., as well as the other sections found in the chapter headed, ''Of the Place of Trial of Civil Actions,'' cannot be applied to criminal causes, and affect civil actions and proceedings only. (*People* v. *McGarvey,* 56 Cal. 327.)

Section 71 of the Code of Civil Procedure re-enacts a portion of section 8 of article VI of the constitution of 1879, which reads as follows: ''A judge of any Superior Court may hold the superior court in any county, at the request of the judge (or judges) of the superior court thereof, and upon request of the governor it shall be his duty to do so.'' To this constitutional provision section 71 adds, ''and in either case, the judge holding court shall have the same power as a judge thereof.''

The disqualification declared by section 170 (Code Civ. Proc.) being shown, we must look to the above constitutional provision for authority for the action of the disqualified judge in procuring a substitute to act in his place. There is but one remedy provided, the calling in of another superior judge. For the selection of this judge two methods are provided: A direct request made to such other judge by the one disqualified, and a request to some other judge by the governor upon notice of the disqualification. No distinction is made as to the circumstances under which the one or the other shall act. The rule of construction that excludes one branch of the government from interference with another makes for a limitation upon the action of the governor in a matter pertaining entirely to the judiciary. And so considered, the constitutional provision would be operative as to him if action upon his part were limited to cases of death, physical disability, or mental incompetency of the judge in whose court the cause was pending, but we are not satisfied that this is or should be the controlling rule in such cases as the one at bar.

In civil cases, in addition to the above-quoted constitutional and statutory provisions being applicable, section 397 of the Code of Civil Procedure provides that the place of trial of an action may, on motion, be changed: "4. When from any cause the judge is disqualified from acting." In the determination of a number of civil cases, the rule of disqualification provided in section 170 is said to be based upon an ancient maxim, founded in the most obvious principles of natural right, that no man ought to be a judge in his own cause. (*North Bloomfield Gravel Min. Co.* v. *Keyser,* 58 Cal. 322.) For the purpose here being considered the law treats counsel and client as one. (*Remy* v. *Olds* (Cal.), [42 Pac. 240].) If the judge is disqualified for interest, consanguinity or other cause, in a civil cause, either party may move for a change of venue and the motion must be granted without hesitation or delay (*Krumdick* v. *Crump,* 98 Cal. 117, [32 Pac. 800] ; *Anaheim etc.* v. *Jurupa etc.,* 128 Cal. 568, [61 Pac. 80]) ; he can neither try his own case nor select his judge. (*Santa Cruz Bank* v. *Taylor,* 125 Cal. 249, [57 Pac. 987] ; *Oakland* v. *Hart,* 129 Cal. 105, [61 Pac. 779].)

A sound policy seems to demand that, independent of the rights of the parties to the action, the judicial tribunals appointed by law to administer justice should be preserved from discredit by a broad and liberal construction of the statute to the end of securing a judgment untainted with bias or interest. Courts should be slow to discover subtle and refined distinctions for indulging a doubtful jurisdiction where the liberty of a citizen is at stake. If the law be not satisfied in a civil case, involving the rights of property only, with the calling in of another judge by the disqualified one, where the right to a transfer is claimed under section 398 of the Code of Civil Procedure, it is difficult to see upon what principle the disqualified judge in a criminal action can be permitted to select the judge to try the cause when both the statute and constitution furnish a method not open to criticism.

Had the suggestion that the governor be requested to act been made at the time, no doubt the honorable superior judge of Riverside county would have acted upon it, and it is quite probable that the same learned judge from Orange county would have been selected to preside at the trial of the cause. Recognizing that both of the learned judges were actuated by the sincerest desire to keep within the law and to serve the

substantial convenience of both counsel and client, we are still of the opinion that under such circumstances the proper method was to notify the governor of the disqualification of Judge Densmore and let him make the request.

While the matter of arraignment and hearing of the plea by Judge Densmore have not been expressly urged by the appellant, we are not prepared to say that these are included within the exceptions covered by the last clause of section 170, "arrangement of the calendar," "regulation of the order of business," "power of transferring," or "the hearing upon affidavits and counter-affidavits." The section provides that the disqualified judge shall not "sit or act as such." Section 71 of the Code of Civil Procedure and section 8 of article VI of the constitution do not limit the request that may be made to a superior judge to the trial of the cause, but provide that, when requested, he "may hold the superior court in any county." The arraignment must be made and the plea entered in open court, and the time that may be allowed for either rests in the legal discretion of the court—that is, the judge. In the case at bar there was a qualified refusal to enter the plea, and the disqualified judge passed upon the question whether or not the circumstances set forth in the record justified the defendant in his refusal to plead. In all these matters the judge clearly "acted as such," and no reasonable construction can include the acts complained of within the terms, "arrangement of the calendar," or "regulation of the order of business." In our opinion Judge Densmore was not only disqualified to select the judge to try the cause, but should not have presided at the arraignment, the hearing of the plea, or other preliminary steps of the prosecution of the case, beyond those necessary to regulate the order of business and arrange the calendar.

Judgment reversed and cause remanded for further proceedings in accordance with the foregoing opinion.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 14, 1908, and the following opinion was then rendered thereon:

THE COURT.—The application for a hearing in this court, after decision by the district court of appeal for the second district, is denied. In denying the application we desire to say that we do not give our assent to the view of the learned district court of appeal that the judgment should be reversed because the judge who tried the case was the judge of the superior court of another county requested to preside in the superior court of the county in which the case was pending by the judge thereof, who was himself disqualified to try the case. Under the plain and unambiguous language of our constitutional provision (sec. 8, art. VI), a judge of any superior court may preside in the superior court of any county at the request of the judge of the superior court thereof, and, while so presiding, may act in any matter in which he is not disqualified. But it appears that the disqualified judge presided at the arraignment of defendant, and ordered the entry of a plea therein. We agree with the district court of appeal that he was disqualified to act in this matter, and the portion of the opinion that relates thereto is approved. It follows that the judgment of that court is correct and that there is no necessity for a further hearing in this court.

Dated this fourteenth day of January, 1908.

Per Angellotti, J., Shaw, J., McFarland, J., and Sloss, J.