## THE PEOPLE *v.* DÍAZ ET AL.

### APPEAL from the District Court of Guayama.

No. 434.—Decided November 21, 1912.

CRIMINAL LAW—MISDEMEANOR—CONCURRENT JURISDICTION.—As has been held repeatedly by this court, the district courts have original concurrent jurisdiction with the municipal courts in cases of misdemeanor.

ID.—MISDEMEANOR—CONCURRENT JURISDICTION—PRELIMINARY EXAMINATION— WAIVER.—In order that a district court may acquire jurisdiction in cases of misdemeanor it is not necessary that there should have been a preliminary examination before a municipal judge or justice of the peace but even supposing that this should be necessary, in this particular case the fact that the defendants had answered and pleaded to the information constituted a waiver of the right they may have had to a preliminary examination in the inferior court.

ID.—CHANGE OF VENUE—DISQUALIFICATION OF JUDGE.—According to section 171 of the Code of Criminal Procedure, a judge has no authority to transfer a criminal case to another district on his own motion for the reason that he considers himself disqualified to preside at the trial, but such transfer can be made only on motion of the defendant or the *fiscal* in cases specified in said section.

ID.—CHANGE OF VENUE—REMAND TO COURT OF ORIGIN.—Considering the circumstances of this case, it was held that the District Court of Ponce, to which it was erroneously transferred by the judge of the District Court of Guayama on his own initiative, had authority to remand it to the District Court of Guayama, whence it came.

ID.—APPOINTMENT OF SPECIAL JUDGE—AUTHORITY OF GOVERNOR.—The Governor may remove one judge and appoint another by and with the consent of the Executive Council. He may appoint a special judge where there is no regular judge or when the regular judge is disqualified or absent, and under certain circumstances he may appoint a substitute judge, but he has no authority to name a special judge to preside over a special case when the regular judge is not disqualified.

ID.—REGULAR JUDGE—SPECIAL JUDGE—JURISDICTION.—According to the doctrine expressed in the preceding paragraph, it was held that in the case at bar the functions of the special judge appointed by the Governor to try the

case ceased on September 1, 1911, when the regular judge of the District
Court of Guayama took charge of his office and any proceedings had before
said special judge after that date were null for lack of jurisdiction.

The facts are stated in the opinion.

*Messrs. Luis Muñoz Morales, J. Henri Brown, Martin Travieso, Nemesio R. Canales* and *Luis Llorens Torres* for appellant.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case had its origin in the District Court of Guayama, where an information was presented on April 17, 1911, accusing the defendants, Pastor Díaz, Luis Abella, Pedro G. Goico, and José C. Ramos, of the offense of conspiracy. On April 21, 1911, the defendants were arraigned in the court, and asked a delay in order to plead, which was granted to them. On May 2, 1911, the accused, Goico and Díaz, appeared and pleaded not guilty, and demanded a jury; Abella appeared and pleaded to the jurisdiction of the court, and Ramos pleaded not guilty and presented a motion for a severance, accompanied by an affidavit. On May 4, 1911, Harry P. Leake, Esq., special judge sitting in the District Court of Guayama, ordered the transfer of this case to the District Court of Ponce on the ground that he had taken part in the preliminary investigations "and for other sufficient reasons" (as stated in the order), disqualifying him in the case, and remanded the cause, with all the existing documents, to the District Court of Ponce. On May 6, 1911, Hon. Charles E. Foote, Judge of the Ponce District Court, was appointed by the Governor of Porto Rico special judge in order to take cognizance of this case, which letter of appointment reads as follows:

"May 6, 1911. Hon. Charles E. Foote, District Judge. Sir: By virtue of the authority in me vested by section 2 of the Act of March 10, 1904, reorganizing the judiciary, and upon the recommendation of the Attorney General, you are hereby authorized and directed to fulfill the duties of the District Judge of Guayama in the trial

and disposition of a criminal case brought in the said District Court of Guayama against José C. Ramos, Luis Abella Blanco, Pastor Díaz, and Pedro Goico, in which case said defendants are charged with the crime of conspiracy. As you perhaps know, Judge Leake considers himself disqualified to try this case on account of his previous connection with it. George R. Colton, Governor.''

The special judge, on the motion of the district attorney, on May 10 refused the severance. On June 15 all the accused presented writings in the District Court of Ponce, expressly submitting themselves to the jurisdiction of that court. On June 30 Abella presented a motion to the District Court of Ponce asking to be relieved from the said submission to the jurisdiction and moving the transfer of the cases to the District Court of Guayama, which was ordered to be done and the case transferred back to the District Court of Guayama. On September 12 various motions were made in the District Court of Guayama impeaching the jurisdiction of the court on grounds which will be hereinafter set forth, which were all overruled. All parties thereupon announced themselves ready for trial, which was conducted in the usual form and resulted in the conviction and sentencing of the defendants—Ramos to six months' and the others each to one years's imprisonment. From this judgment an appeal was duly taken, and the matter is now submitted for our consideration.

The first matter to be considered in the decision of this case is the matter of jurisdiction. This question is raised in the assignment of errors by the *second, third,* and *fourth* assignments, in which it is claimed that the trial court erred:

''A. In dismissing the motion founded on the want of jurisdiction of the District Court of Guayama to take cognizance of an information for misdemeanor originating in such court.

''B. In denying the motion relating to the jurisdiction of the District Court of Guayama founded on the fact that the District Court of Ponce had jurisdiction and that the transfer of the cause to the District Court of Guayama was illegal.

''C. In denying the motion asking that the special judge, Hon.

Charles E. Foote, be declared without authority to hear this cause, and that the trial should be had before Hon. H. M. Hutchison, the regular judge of the District Court of Guayama.

"D. In denying the motion requesting the court to be declared without jurisdiction because no preliminary examination or previous hearing had been held before a municipal judge or justice of the peace, and because no sworn complaint against the accused had preceded the prosecution."

For a closer examination and more careful study, we will analyze these propositions and divide them into six, setting out the points raised more specifically. Then we may say that these assignments of error raise the following questions:

"1. Has any district court original jurisdiction to try a prosecution for a misdemeanor?

"2. If the district court has jurisdiction, is it necessary that there should be a preliminary examination or hearing first had before a municipal judge or a justice of the peace, before the prosecution is begun in the district court?

"3. Was the jurisdiction to try this case properly in the District Court of Ponce after the transfer of the cause to that court by the order of the special judge, Harry P. Leake, Esq.?

"4. Was the jurisdiction to try this case in the District Court of Guayama after the same had been retransferred to the said court by the order of the Hon. Charles E. Foote, Judge of the District Court of Ponce?

"5. After he qualified as district judge on September 1, 1911, did the regular judge, Hon. H. M. Hutchison, have jurisdiction to try this case, he not being disqualified in any way?

"6. Did the appointment of the Hon. Charles E. Foote as special judge to try this case cease when the special judge, Harry P. Leake, Esq., terminated his office, and a judge was appointed in the District Court of Guayama who lacked any disqualification?"

We will take up these questions in the order indicated and discuss them, endeavoring to settle the jurisdiction before entering into the other merits of the case. Of course, if the court is found to be without jurisdiction, it will be un-

necessary to proceed further in the examination of the record.

We will first consider the matter involving the questions heretofore numbered 1 and 2, relating to the jurisdiction of the district court over misdemeanor cases and the necessity for a preliminary examination in an examining court.

We have repeatedly held that the district courts of the Island have original concurrent jurisdiction with the municipal courts to try a prosecution for misdemeanor, notwithstanding the amended judicial act of March 10, 1904, and section 4 thereof, referred to by the appellants in support of their contention.

The matter was fully discussed, with citation of authorities, in the case of *The People* v. *Adorno,* which is reported in the 17th volume of Porto Rico Reports, on pages 1059 *et seq.* The opinion in that case is full and complete and settles this question beyond recall. That opinion has also been approved in a later case which is styled *The People* v. *Ortiz et al.,* 17 P. R. R., 1149.

The act reorganizing the judiciary of this Island, passed on March 10, 1904, in the fourth section thereof, as it is correctly asserted, confers jurisdiction on the municipal courts "'in all criminal cases except felonies'"; but, as is shown in the cases cited and perhaps others, this has been repeatedly held by our court not to be exclusive jurisdiction, the district courts continuing to have concurrent jurisdiction of such cases.

Nor is it necessary in order for the district court to take jurisdiction of a prosecution that there should be a preliminary examination or hearing first had before a municipal judge or justice of the peace. Such has never been the practice in this Island, and a proper construction of the statute does not require it; but even if it were necessary in this particular case, the fact that the defendants have answered and pleaded to the information constitutes a waiver

of the right that they may have had to a preliminary examination in the inferior court. This principle has been settled in the cases following: *State* v. *Caulfield,* 23 La. Ann., 148; *People* v. *Williams,* 93 Mich., 623; *State* v. *Spencer,* 49 Pac., 302. So we may regard the question of the jurisdiction of the subject matter in this case as being settled adversely to the appellant. We must therefore hold that the district court had complete jurisdiction of this case and could try and determine the same.

We must next, in reply to the third question mentioned, examine the status of the case after a transfer of the same to the District Court of Ponce by the order of the special judge, as set forth in the third question heretofore propounded. A transfer to be legal must be authorized by the law, and we search in vain in our Code of Criminal Procedure for any basis on which to ground the order made sending this case from Guayama to Ponce. Judge Leake had no authority, under the statute laws of Porto Rico, to make the order which he did, transferring this case to the District Court of Ponce. Provision is made for the removal of a criminal action from one court to another by Chapter V of our Code of Criminal Procedure. But such removal must be made either on the application of the defendant or of the prosecuting attorney. (Sec. 171, Code of Criminal Procedure.) In the former case such application is based on the ground that a fair and impartial trial cannot be had in the district where the action is pending. In the latter case it must rest on the fact that no jury can be obtained in that district. The prosecuting attorney could not have claimed a removal in this case as, being a misdemeanor, no jury could be demanded therein.

This statute of ours, section 171 of the Code of Criminal Procedure, is very similar to section 1033 of the Penal Code of California, which has been construed by the Supreme Court of that State in the case of *People* v. *McGarvey,* 56 Cal., 329. It must be noted that this case was removed by Judge Leake on his own motion, because he held himself to have

been disqualified. The California court, in the case just cited, says this is no ground for removal, as another judge could be sent to the proper district to try the case in the event of a disqualification. This was actually done in the case at bar, thus partially correcting the error into which Judge Leake had fallen. Although the case was improperly on the docket of the District Court of Ponce, the judge of that court could properly remand it to the district whence it came to be there legally tried.

We will next consider the status in this case after it had been retransferred to the District Court of Guayama, as set out in the fourth question heretofore propounded. The order made by Judge Leake, acting as district judge of Guayama, transferring this case to the District Court of Ponce, was treated by the Governor as a nullity when he issued his commission to Judge Foote as special judge to try this case, and that of itself would have required the case to be retransferred to the District Court of Guayama. Judge Leake had no authority to act on his own motion, because none was vested in him by the laws of Porto Rico; and if he had authority to act, the reasons stated by him in his order were not sufficient, not being recognized by the statute laws of this Island. The order made by him on May 4, 1911, was a nullity, and the judge had nothing else to do but to retransfer the case to the Guayama court, as he did properly and promptly according to law.

We will next consider what effect the appointment of the regular district judge, in the place of the acting district judge, in the Guayama District had upon the status of this case, which was then upon the docket of the said court, according to the question propounded in paragraph 5 of the analysis which we have heretofore made of these questions. Let us first examine a point made by the *fiscal* to meet this objection to the continuance of the special judge in the trial of the case. In answer to the objection that no one but Judge Hutchison was qualified to try the case, the *fiscal* urges that

defendants, by appearing and either making a petition of severance or entering other objections at the trial, waived all questions of jurisdiction, and he cites us especially to the case of *Oakland* v. *Hart,* 129 Cal., 98, 102 and 103, which we have examined. It must be noticed that the motion of severance, etc., was addressed to the District Court of Guayama. At that time Judge Foote was a judge *de facto,* and if the trial had been held by him before Judge Hutchison qualified, the objection might perhaps be a valid one. It is true that before the specific objection here made by Pastor Díaz was raised some of the defendants at the trial made other objections; but as to Pastor Díaz himself, it was the first step he took at the trial. It might be considered that all the objections to jurisdiction and other preliminary motions occurred contemporaneously. The objections to which t.e *fiscal* refers were all made on the same day. One of the grounds of objection of Pastor Díaz was that the reason for the appointment of Judge Foote as special judge had ceased, and that Judge Hutchison was properly district judge, and that the reason that had disqualified Judge Leake did not exist in the case of Judge Hutchison, who, as we have seen, qualified on September 1. The first step that was taken in the case after such qualification was the calling for trial of this case on September 12. At no earlier period could an objection have been made to the jurisdiction of the special judge based on the fact that Judge Hutchison was the proper judge to try the case. Up to September 1 it may be that everything that Judge Foote did was entirely regular. He only passed on some preliminary motions. The defendants, up to that time, although they had some objections to the jurisdiction of the Guayama court, might have assumed that they would be tried before the District Judge of Guayama, whoever he was. The special judge overruled the motion giving as his grounds that the Governor had power to transfer a judge from one district to another and could also name a judge to sit specially in a case. Such is not the

law. The Governor may remove one judge and appoint another by and with the consent of the Executive Council. He may appoint a special judge where there is no regular judge or where the regular judge is disqualified or absent; and he may, under certain circumstances, appoint a substitute judge, but he has no power to name a special judge to preside over a special case when the regular judge is not disqualified to try it. After September 1, 1911, as Pastor Díaz maintains, Judge Foote ceased to have power or jurisdiction in the District Court of Guayama. Pastor Díaz never waived anything directly, and his objection to the jurisdiction was taken in time, and being applicable to all the defendants should have been sustained.

Of course the jurisdiction to try a criminal case pending rests in some court, and not in a judge as such, and after this case was sent back to Guayama the jurisdiction to try it was in the district court of that district, since the order transferring it to Ponce was void. Then when Judge Hutchison took office on September 1, he, finding the case pending on his docket, and not being disqualified, should have proceeded to take cognizance of the same. The appointment of the special judge had expired with the circumstances which called it into life.

In regard to the sixth question a few words remain to be said. No orders appear to have been made in this case by Judge Foote as special judge, after it was retransferred to Guayama, until the month of September; and, in the meantime, Judge Leake, as acting judge of that district, had vacated his office and Judge Hutchison had been recently appointed and confirmed by the Executive Council and entered upon the discharge of his duties on the first day of the said month of September, 1911, as this court judicially knows. A motion was thereupon made before Judge Foote that he should retire from the consideration of the case and leave it to be disposed of by the regular incumbent. Then

supposing that the proceedings in this case were entirely regular and legal in every respect, after Judge Leake retired from office and Judge Hutchison was duly appointed, confirmed and qualified, which was on September 1, 1911, and the case had been returned to the files and the docket of the District Court of Guayama, the disqualification of the regular judge no longer existing, as Judge Hutchison was duly qualified, then there being no further necessity for the continuance of the special judge in the case, when a motion was made to that effect, he should have retired from the case and left the trial to be held by the regular incumbent of the judicial office.

For the reasons heretofore given in this discussion, it is clear to us that after September 1, 1911, the special judge appointed to try this case no longer had any authority, under the Governor's commission, to proceed with the trial, but that the case remained upon the docket of the District Court of Guayama for disposition by the regular judge who took office and began the exercise of his functions on the last-named date. Then, this trial having been held before a judge whose authority had been superseded and who no longer had the legal power to make an order, render a judgment or take any action herein, the judgment rendered by him on September 12, 1911, was without authority and should be reversed, remanding the cause to the said district court to be proceeded with in accordance with law, as set forth in this opinion.

*Reversed and remanded to the lower court for further proceedings.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.