[Department One. — November 16, 1883.]

HORATIO P. LIVERMORE, PETITIONER, v. BENJAMIN BRUNDAGE, JUDGE OF THE SUPERIOR COURT OF KERN COUNTY, RESPONDENT.

MANDAMUS — JURISDICTION — CHANGE OF PLACE OF TRIAL. — A judge who is a party to an action pending in his court has no power to act in the case, except to make an order transferring it to another court, as prescribed by section 398 of the Code of Civil Procedure.

APPLICATION for a writ of mandate to compel the judge of the Superior Court of Kern County to transfer the cause to another court.

The action sought to be transferred was upon a promissory note given by the respondent to the petitioner. The other facts are stated in the opinion of the court.

*Stetson & Houghton,* for Petitioner.

McKEE, J. — The petitioner is plaintiff in an action against the defendant, who is judge of the court in which the action is pending. Being defendant in the action, and judge of the court in which the action is pending, it was not necessary for the petitioner, in making a motion to transfer the cause, to serve the judge of the court with notice of the motion, as it would be in a motion for a change of venue under the provisions of section 396 of the Code of Civil Procedure, in a suit before him between

ordinary litigants; for in an action pending in his court, to which he himself is a party, he has no jurisdiction to hear and determine an application for a change of venue.

Being a party to the action, the judge was directly interested in the action, and disqualified from acting at all, except so far as the action might be affected by the arrangement of the calendar of his court, or the regulation of the order of business, and except to transfer the case to some other court for trial. A judge who is a party to a cause pending in his court should not assume to sit in the case (sub. 1, § 179, Code Civ. Proc.); nor has he any authority to retain the case in his court for non-action. The law imposes upon him a single duty in regard to it, and that is to order the case to be transferred for trial to the nearest court of an adjoining county, unless it shall be stipulated to transfer it to some other court.

Section 398 of the Code of Civil Procedure provides as follows: "If an action or proceeding is commenced or pending in a court, and the judge or justice thereof is disqualified from acting as such, . . . . *it must be* transferred for trial to a court the parties may agree upon by stipulation in writing, or made in open court, and entered in the minutes; or if they do not so agree, then to the nearest court where the like objection or cause for making the order does not exist." Other than the duty imposed by this provision of the Code, a judge who is a party to an action or proceeding pending in his court has no discretion in the case.

Let a writ of mandate issue.

Ross, J., and McKinstry, J., concurred.