[No. 9,024.   Department Two. — July 18, 1884.]

CALIFORNIA SOUTHERN RAILROAD COMPANY,
RESPONDENT, v. THE SOUTHERN PACIFIC RAIL-
ROAD COMPANY, APPELLANT.

EMINENT DOMAIN — PLACE OF TRIAL — RESIDENCE OF CORPORATIONS. — The prin-
cipal place of business of a corporation is not its residence within the meaning
of section 395 of the Code of Civil Procedure, regulating the place of trial of
actions.   There is no law defining its residence, and in an action against a cor-
poration to condemn lands, under the provisions of the Code relating to eminent
domain, the place of trial is the county where the lands sought to be condemned
are situated.

APPEAL from an order of the Superior Court of San Diego
County refusing to change the place of trial.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss,* for Appellant.

*M. A. Luce,* and *Henry E. Cooper,* for Respondent.

THORNTON, J. — This is an appeal from an order refusing to
change the place of trial.   The proceeding was instituted to
condemn land in the county of San Diego, and was commenced
in the Superior Court of that county.   It is contended that the
order is erroneous for the reason that the city and county of
San Francisco is the principal place of business of the defendant
corporation, and therefore its residence; and if such city and
county is the residence of the corporation, it is the proper county
for the trial of the proceeding, and the place of trial should be
changed to such city and county.

To sustain this contention we are referred to the case of
*Jenkins* v. *The California Stage Company,* 22 Cal. 537.   What
is said in this case does seem to sustain the point contended for.
But we do not think that this decision is a proper exposition of
the statute referred to in it, nor do the authorities cited in the
opinion sustain the conclusion reached that the principal place
of business of a corporation is its residence within the meaning
of section 395 of the Code of Civil Procedure.   The *Louisville
etc. Railroad Company* v. *Letson,* 2 How. 497, has reference to
the competency of a corporation under the Constitution and
laws of the United States, to be sued in the federal courts, and

its quality of citizenship of a State.   It had no reference to its residence in a county.

Sections 6, 265, 404–407, and 440 of Angell & Ames on Corporations are also referred to in the opinion.   They relate to cases involving the construction of statutes, very different in their language from the statute of this State, and have little or no bearing on the point under consideration.   These cases are mentioned in the text or notes of the work referred to, to which recourse can be had by those desiring to examine them.   We do not think it requisite to make further reference to them.

There is no law, statutory or common, in this State which defines the place of residence of a corporation.   The fact that the residence of the officers and agents of a corporation is in a particular county, does not in our judgment make such county the place of residence of the corporation.   If such residence of officers in a particular county makes such county the place of residence of the corporation, how will it be when some of the officers reside in one county and some in another?   We are referred to no law making the county where the principal place of business of a corporation is situated the place of its residence, and under these circumstances we have no authority to hold such to be its place of residence.

There being no law defining what is the place of residence of a corporation, we must hold that section 395 of the Code of Civil Procedure has no application here.

The conclusion here reached is sustained in our judgment by section 1243 of the Code of Civil Procedure, requiring all proceedings under the title in regard to eminent domain, *to be brought* in the Superior Court of the county in which the property is situated.   This language means something more than that the proceeding must be commenced in such Superior Court. There are strong reasons why such proceeding should be had in the county where the land sought to be condemned is situated. The compensation for the land sought to be taken is to be determined upon testimony, and the witnesses most competent to speak upon this subject will usually be found in the county referred to.

Order affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.