<hr />

· [No. 9,214.   Department Two. — July 22, 1884.]

BENJAMIN   WATROUS,   RESPONDENT, *v.* THOMAS CUNNINGHAM ET AL., APPELLANTS.

EVIDENCE — CLAIM AND DELIVERY. — In an action of claim and delivery of personal property, the books of account of a third person, not a party to the suit, are inadmissible to prove the ownership of the property.

APPEAL from a judgment of the Superior Court of the county of San Joaquin, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Campbell & Muenter,* for Appellants.

*Baldwin & Smith,* and *Louttit & Lindley,* for Respondent.

MYRICK, J. — This action is for the recovery of the possession of sixty hogs, alleged by plaintiff to be his property. The hogs had been seized by the defendant Cunningham, as sheriff, by

virtue of an attachment at the suit of the defendant McDougald, as the property of one Ho Yuck. On the trial, the question was whether the plaintiff had bought the hogs as and for his own property, or whether he had advanced the money to Ho Yuck, the latter being the purchaser. The plaintiff called one Ling Sing as a witness, who testified that he bought hogs from Ho Yuck, that sometimes Ho Yuck got the money for them, and sometimes the plaintiff got it; that Ho Yuck always told the witness to pay plaintiff. The plaintiff then offered in evidence the book of Ling Sing, showing the account between Ling Sing and plaintiff. This was objected to, and the objection was overruled. The book being received in evidence, showed the account between Watrous and Ling Sing, where Watrous was credited with hogs and charged with cash.

The object of offering the book in evidence was to corroborate the testimony of plaintiff that he was the owner of the hogs. For that purpose it was incompetent. The entries in this book did not bind defendants. As to them they were *res inter alios actæ.* The court erred in its ruling admitting them. We cannot say but this evidence, in the minds of the jury, turned the scale in favor of plaintiff.

Judgment and order reversed and cause remanded for a new trial.

SHARPSTEIN, J., and THORNTON, J., concurred.