[S. F. No. 2429.    Department Two.—March 12, 1903.]

CITY OF SANTA ROSA, Respondent, v. FOUNTAIN WATER COMPANY et al., Appellants.

CONDEMNATION OF LAND—VENUE—CHANGE OF PLACE OF TRIAL.—Under section 1243 of the Code of Civil Procedure, a special proceeding for the condemnation of land must be brought and tried in the superior court of the county in which the property is situated, unless transferred by the court to another county, as required or authorized by section 394 of the Code of Civil Procedure. The place of trial cannot be changed to the place of residence of the defendants.

ID.—CONSTRUCTION OF CODE—PROVISO.—The provisions of section 395 of the Code of Civil Procedure have no application to special proceedings; and the proviso added to section 394 of the same code, by the amendment of 1896 relative to the change of the place of trial of certain actions brought by a county or city, apply only to "actions" as defined in section 22 of the code, and not to "special proceedings" as defined in the following section.

APPEAL from an order of the Superior Court of Sonoma County refusing to change the place of trial. S. K. Dougherty, Judge.

The facts are stated in the opinion.

John M. Burnett, and James W. Oates, for Appellants.

T. J. Butts, M. T. Vaughan, and Emmet Seawell, for Respondent.

SMITH, C.—This is a proceeding, in the superior court of the county of Sonoma, under title VII of part III of the Code of Civil Procedure to condemn land situate in said county, the property of the corporation defendant. The appeal is from an order denying the motion of the defendants to change the place of trial to the city and county of San Francisco,— the grounds of the motion being "that the residence of both defendants, . . . and the principal place of business and the place of incorporation of defendant Fountain Water Company is in [that] city and county."

The motion, we think, was rightly denied. By section 1243 of the Code of Civil Procedure it· is provided that all proceedings of this kind "must be brought in the superior court of the county in which the property is situated"; and this implies that it must also be tried there, unless transferred by the court to another county, as required or authorized by the provisions of section 394 of the Code of Civil Procedure. (*California S. R. R. Co.* v. *Southern Pacific R. R. Co.,* 65 Cal. 395, 410; *Colin* v. *Central Pacific R. R. Co.,* 71 Cal. 490.) The cases in 65 Cal. were both proceedings to condemn land, and in each the motion for change of venue was made on the ground that the principal place of business of the corporation, and therefore the residence of the defendant, was in another county. In both cases the decision was placed on the ground that the provisions of section 1243 of the Code of Civil Procedure was determinative of the question involved. In the former decision the opinion was also expressed that the place of business of a corporation was not its place of residence, thus overruling the decision in *Jenkins* v. *California Stage Co.,* 22 Cal. 537. But in the second case this ground of decision was omitted from the decision, and in the third expressly overruled. The cases are therefore to be regarded as resting exclusively on the ground that, under the provisions of section 1243 of the Code of Civil Procedure, the county where the real estate is situated is "the proper county for the commencement of the action, and for its trial"; which was in effect to hold that the provisions of section 395 of the Code of Civil Procedure, referring to "actions" generally, had no application to "special proceedings" of this character.

This indeed seems to be admitted by the appellants' counsel, but it is claimed that the case comes within the proviso

added to section 394 of the Code of Civil Procedure by the amendment of 1891, providing "that whenever an action is brought by a county or city against citizens of another county, or a corporation doing business in the latter, the action must be, on the motion of the defendant, transferred for trial to a county other than the plaintiff, if the plaintiff be a county, and other than that in which the plaintiff is situated, if the plaintiff be a city,"—the position of the counsel being that the term "action" used in the proviso includes "special proceedings" of the kind here involved; and in support of this proposition numerous cases are cited where such proceedings are spoken of by the court as "actions." (*San Francisco etc. R. R. Co.* v. *Gould,* 122 Cal. 601; *Southern Pacific R. R. Co.* v. *Railway Co.,* 111 Cal. 221; *Siskiyou County* v. *Gamlich,* 110 Cal. 94; *Alameda County* v. *Crocker,* 125 Cal. 101; *Rialto Ins. Co.* v. *Brandon,* 103 Cal. 384; *Lake P. L. Co.* v. *Contra Costa Water Co.,* 67 Cal. 660; *Aliso Water Co.* v. *Baker,* 95 Cal. 268.) We have no doubt of the correctness of this usage; but the question here is not as to the correct definition of the term "action," but as to the sense in which it is used in the proviso, and with regard to this, having in view the definitions of the term given in the Code, and its general arrangement, it is clear, as in effect held in the cases cited, that sections 392 to 395, as originally enacted, refer only to "actions," as defined in section 22 of the Code of Civil Procedure, and not to "special proceedings," as defined in the following section; and we see no reason to suppose that the former term is used in the proviso in a different sense. The principle of the decision in the cases cited, and the conclusions reached, must therefore be held determinative of the case at bar.

We advise that the order appealed from be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Van Dyke, J., Lorigan, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following dissenting opinion on the 11th of April, 1903:—

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause and from the decision of the court.

The decision rests upon the ground that section 394 applies only to actions as contradistinguished from special proceedings, such as the proceeding under sections 1237 of the Code of Civil Procedure et seq. to condemn lands. But no notice is taken of section 1256 of that title, which expressly provides that "Except as otherwise provided in this title, the provisions of part II of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." Section 394 is one of the provisions of part II of the Code of Civil Procedure, and therefore constitutes one of the rules of practice in eminent domain, unless it is in conflict with the special provisions of that title. I find no such conflict. The general rule that proceedings to condemn must be *commenced* in the county where the property is situated is in no wise impaired by giving effect to the special and exceptional provision that when such a proceeding has been commenced by a county or city against citizens of another county the proceeding must, on demand of the defendants, be transferred to a county other than the plaintiff county, or the county where the plaintiff—if a city—is situated. (Code Civ. Proc., sec. 394.) If sections 394 and 1243 were in the same title, there could be no doubt of this construction, and section 1256 has the effect of bringing them, for the purpose of construction, into the same title—"Eminent Domain."

The reasons upon which the proviso in section 394 rests demand this construction. Its purpose is to relieve defendants in actions by cities and counties of the disadvantages of local bias on the part of citizens and taxpayers of the county or city plaintiff; and this reason applies with the same force to proceedings to condemn as to actions of any character.