[Civ. No. 423.  Second Appellate District.—December 7, 1907.]

## SAMUEL B. PARRISH et al., Respondents, v. RIVERSIDE TRUST COMPANY, Limited, et al., Appellants.

DISQUALIFIED JUDGES—TRANSFER OF CAUSE—AFFIDAVITS.—Where it appears from uncontradicted affidavits that both the judges of the superior court of the county of the venue were disqualified for interest, and that the judge of the nearest and most accessible county was likewise disqualified for interest, the disqualified judge before whom the case is presented has no discretion, and must perform the duty imposed by section 398 of the Code of Civil Procedure, and transfer the cause for trial to the nearest and most accessible court, where the like objection or cause for making the order does not exist.

ID.—SELECTION OF JUDGE BY LAW—CONSTRUCTION OF CODE.—Section 398 of the Code of Civil Procedure does not confer upon a disqualified judge the right to select a judge, but the law selects the judge, when the undisputed facts are before the court.

APPEAL from an order of the Superior Court of San Bernardino County transferring a cause for trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

John G. North, and M. B. Kellogg, for Riverside Trust Company, Limited, and Gage Canal Company, Appellants.

Collier & Carnahan, for East Riverside Water Company, Appellants.

Byron Waters, and C. C. Haskell, for Respondents.

ALLEN, P. J.—Appeal by defendants from an order of the superior court of San Bernardino county transferring

a cause for trial to the county of Los Angeles. The action was originally brought in San Bernardino county.

The defendants in due time filed affidavits showing that both judges of San Bernardino county were interested in the result of the suit, and, therefore, under section 170, Code of Civil Procedure, disqualified to sit and act; and, further, that Riverside county was the nearest and most accessible county. The plaintiffs thereupon filed affidavits in no respect controverting those of defendants, but which show that the judge of the superior court of Riverside county was also interested in the result of the suit, and, therefore, disqualified to sit and act. Defendants thereupon filed an additional affidavit showing that the superior judge of Orange county was also interested in the result of the suit, it appearing that Orange county, next to Riverside county, was the nearest and most accessible county to that of San Bernardino. The superior court of San Bernardino county thereupon made its order, reciting the disqualification of the judges of the three counties named, and ordering the cause transferred to Los Angeles county as the nearest and most accessible court to which objections on account of the disqualification of the judges did not exist. The authority for the transfer is contained in section 398, Code of Civil Procedure: "If an action or proceeding is commenced or pending in a court, and the judge or justice thereof is disqualified from acting as such, . . . it must be transferred for trial . . . to the nearest and most accessible court, where the like objection or cause for making the order does not exist."

A disqualified judge has no discretion and must perform the duty imposed by this provision. (*Livermore* v. *Brundage*, 64 Cal. 300, [30 Pac. 848].) Section 170 defines the disqualification and provides that applications for transfer based thereon should be made upon affidavits. There is nothing specifically stated in either section, or suggested thereby, which can be interpreted as restricting to any particular party the right to make and file the affidavits. It is true that section 170 confers the right to file counter-affidavits when the facts are in dispute, but in this case no facts are in dispute and none of the affidavits on file may be properly termed counter-affidavits; but all are in line as establishing the facts warranting a transfer to the proper county.

Appellants insist that the court, in entertaining the affidavits filed by plaintiffs, was sitting and acting in the cause in which he was interested to the extent that he was passing upon the qualification of the judge in Riverside county, and that he was violating the well-established rule that "he should neither try his own cause nor select his judge." We do not construe the section as attempting to confer upon a disqualified judge a right to select a judge; but, on the contrary, the duty imposed is to accept the affidavits, when not controverted, as true, and transfer the cause, not to a judge of his own selection, but to the nearest and most accessible court where no disqualification exists. The law selects the judge when the undisputed facts are before the court. The supreme court of Wisconsin, in the case of *Northwestern Iron Co.* v. *Crane,* 66 Wis. 567, [29 N. W. 655], in construing a somewhat similar statute, says: "The primary purpose of this section was to prescribe the court to which such cause should be sent on such application." The application was made by both parties, and the nearest and most accessible county where the cause could be properly tried was made apparent. We are unable to see where the judge transcended his authority, or did any act other than to perform a plain duty devolving upon him by statute. The court had jurisdiction to make the order, and we perceive no error therein.

The order is affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 6, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 3, 1908.