[Civ. No. 1058. Second Appellate District.—December 16, 1911.]

## JOHN HEINLEN COMPANY, a Corporation, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF KINGS, and Hon. JOHN G. COVERT, Judge, etc., Respondents.

EMINENT DOMAIN—PROCEEDING TO CONDEMN RIPARIAN RIGHTS—DISQUALIFICATION OF JUDGE FOR INTEREST—DUTY TO TRANSFER CAUSE—PROHIBITION.—In a proceeding in eminent domain to condemn riparian rights, in which the judge of the superior court is disqualified to act by reason of his interest in the proceeding, it is made his legal duty to transfer the proceeding, under section 170 of the Code of Civil Procedure, to the nearest and most accessible court for trial, where the like objection or cause for making the order does not exist; and where he refused to make such order, and signified his intention to call in another judge, the writ of prohibition will lie to compel the judge to desist from making any other order in such case than that provided by statute.

ID.—CONSTRUCTION OF CODE—DISQUALIFICATION OF JUDGE AS SUCH—TRANSFER OF "PROCEEDING."—While title VII relating to "eminent domain" is silent as to the steps which shall be taken therein when the judge is disqualified as such for interest, yet section 1256 thereof provides, "Except as otherwise prohibited in this title, the provisions of part two of this code are applicable, and constitute the rules of practice in the proceedings mentioned in this title." Hence, section 170 of the Code of Civil Procedure forbidding any judge "to sit or act in any action or *proceeding in which he is interested*," and section 398 thereof, providing for the transfer of "an action or *proceeding*" in which "the judge is disqualified from acting as such," both apply to a *"proceeding* in eminent domain," where the judge is disqualified for interest.

ID.—POWERLESSNESS OF JUDGE TO ACT OTHERWISE THAN AS DIRECTED BY STATUTE.—A judge who is interested in an action or proceeding can only act as directed by law. He cannot transfer the same to a judge of his own selection, nor call in any other judge to try the case. There is a marked distinction between accidental disqualification allowing such action under section 160 of the Code of Civil Procedure, and disqualification of the judge by reason of interest, under section 170 thereof, which will not permit such action.

ID.—PROVISION OF POLITICAL CODE AS TO CONFLICTING PROVISIONS INAPPLICABLE.—Section 4481 of the Political Code, which provides that "if the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject matter of such

title," can have no application to the case at bar, since title VII is silent as to the disqualification of a judge, and expressly refers to part II for rules of practice, by which no conflict is created on that subject.

PETITION for writ of prohibition to the Superior Court of Kings County.   John G. Covert, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Petitioner.

Lamberson & Lamberson, and M. L. Short, for Respondents.

SHAW, J.—This is an application for a writ of prohibition directed to the superior court of Kings county and to the Honorable John G. Covert, judge of said court, commanding and directing said court and judge to desist and refrain from taking any proceeding or making any order in a certain proceeding pending therein, wherein the Lake Land Canal and Irrigation Company is plaintiff and petitioner is defendant, other than an order transferring said cause to the nearest or most accessible court not subject to objection upon the ground that the judge thereof is disqualified to act in the trial of the cause.

An alternative writ was issued, in response to which the respondents have interposed a general demurrer.   The application grows out of a special proceeding instituted by the Lake Land Canal and Irrigation Company against petitioner in the superior court of Kings county, the purpose of which was to condemn certain riparian rights appurtenant to the lands owned by petitioner and situated in said county.   At the time set for the trial of the cause, the defendant therein, pursuant to notice, made a motion to change the place of trial upon the admitted fact that the Honorable John G. Covert, judge of the court, was disqualified by reason of the fact that he was interested in the subject matter involved in the proceeding. The court denied the motion and postponed the trial to a future date, stating that he would apply to the governor of the state of California to designate a judge in his place and stead to preside at the trial of the proceeding in the superior court of Kings county.

The point involved is whether or not the provisions of section 398 of the Code of Civil Procedure apply to special proceedings in eminent domain.    Section 1243 of title VII of the Code of Civil Procedure, entitled "Eminent Domain," provides: "All proceedings under this title must be brought in the superior court of the county in which the property is situated."    It is the contention of respondents that such proceedings must not only be brought in the court of the county wherein the property is situated, but that the trial thereof must be *had* in such county.    This contention is based upon what was said by the supreme court in *California Southern R. R. Co.* v. *Southern Pacific R. R. Co.*, 65 Cal. 395, [4 Pac. 344], and a case of the same title, reported in 65 Cal. 410, [4 Pac. 388], and *Santa Rosa* v. *Fountain Water Co.*, 138 Cal. 579, [71 Pac. 1123, 1136], in all of which the proceedings were for the condemnation of land, and the sole point involved was the application for a change of the place of trial, based, not upon the disqualification of the judge, but upon the ground that the *owner* of the land *resided in another county* than that wherein the land was situated.    What was said in those cases had reference alone to the facts there presented, and all that the court decided was that the cases were brought in the proper county, as required by section 1243 of the Code of Civil Procedure, and that such proceedings were not within or affected by the provisions of section 395 of the Code of Civil Procedure; hence, they should be tried in the county where brought, notwithstanding the fact that the defendants therein resided elsewhere.    The cases cited furnish no authority for respondents' position.

The proceeding to condemn the riparian rights of petitioner was brought in the proper county, as required by section 1243 of the Code of Civil Procedure.    By reason of his interest in the result of the suit Judge Covert was disqualified.    Section 170 of the Code of Civil Procedure provides that no judge shall sit or act as such in any action or *proceeding* in which he is interested.    While title VII, entitled "Eminent Domain," is silent as to the steps which shall be taken in proceedings thereunder where the judge of the court of the county wherein the suit is brought is disqualified, section 1256 thereof provides that: "Except as otherwise provided in this title, the provisions of part two of this code are applicable

to and constitute the rules of practice in the proceedings mentioned in this title.'' Hence, in determining the rules of practice in a case where the judge is prohibited from acting and as to which no provision is made in the title, we must look to title II of the code. Section 398 of the Code of Civil Procedure (found in title II) provides: ''If an action or proceeding is commenced or pending in a court, and the judge . . . thereof is disqualified from acting as such . . . it must be transferred for trial . . . to the nearest or most accessible court, where the like objection or cause for making the order does not exist.'' It has been held that proceedings in eminent domain are not actions, as defined in section 22 of the Code of Civil Procedure, for which reason it was likewise held that certain provisions of the code treating of actions *only* did not apply to proceedings of this character. (*Santa Rosa* v. *Fountain Water Co.,* 138 Cal. 579, [71 Pac. 1123, 1136].) Section 170 of the Code of Civil Procedure, however, specifies what shall constitute disqualification of a judge in a *proceeding,* and when the fact of such disqualification is made to appear in an application for change of the place of trial of a proceeding, then, as expressly provided in section 398 of the Code of Civil Procedure, the disqualified judge has no discretion other than to perform the duty imposed upon him by this section. (*Parrish* v. *Riverside Trust Co.,* 7 Cal. App. 95, [93 Pac. 685] ; *Livermore* v. *Brundage,* 64 Cal. 300, [30 Pac. 848].) He cannot transfer either an action or a proceeding, wherein he is interested in the result of the trial, to a judge of his own selection, a right, however, which would exist if section 160 of the Code of Civil Procedure should be deemed to control. Under the provisions of that section he may, in case he is unable to hold court by reason of sickness, absence, disability, or other (like) causes, request another judge to sit for him; *or,* the fact of such disability may be certified to the governor, who may request a judge to act. There is a marked distinction between inability to hold court, as mentioned in section 160, and disqualification of the judge, as defined in section 170. The former section cannot be construed to refer to disqualification of a judge on account of his interest in the matter involved in the proceeding.

Respondents direct our attention to section 4481 of the Political Code, which declares: ''If the provisions of any title

conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject matter of such title.'' This section can have no application to the case at bar, for the reason that, as we have seen, no provision is made in title VII for the trial of a proceeding wherein the judge is disqualified, and hence there is no conflict as to a matter concerning which the title is silent. In such case we must, as directed by section 1256, Code of Civil Procedure, look to title II for a rule of practice.

It follows from what has been said that the writ should be granted. It is, therefore, ordered that the respondents refrain and desist from any action or proceeding in that certain cause entitled *Lake Land Canal & Irrigation Company* (a Corporation), v. *John Heinlen Company* (a Corporation), now pending in the superior court of Kings county, other than to make an order changing the place of trial of such proceeding to the nearest or most accessible superior court the judge of which is not disqualified from trying the same.

Allen, P. J., and James, J., concurred.