[S. F. No. 6800.   In Bank.—December 8, 1913.]

IMPERIAL LAND COMPANY (a Corporation), et al., Petitioners, v. IMPERIAL IRRIGATION DISTRICT et al., Respondents.

MANDAMUS—ORIGINAL APPLICATION IN SUPREME COURT—DISMISSAL OF PROCEEDING INVOLVING EXTENSIVE TAKING OF TESTIMONY — ELECTION FOR ASSESSMENT IN IRRIGATION DISTRICT.—Inasmuch as the superior court of the county has concurrent jurisdiction, the supreme court will not take the time to entertain an original application in *mandamus* to compel the board of directors of an irrigation district to call an election where the question involved requires the hearing of evidence and decision as to the genuineness of about seven hundred signatures to the election petition.   Such an application will be dismissed without prejudice to an application in any other court of concurrent jurisdiction.

ID.—DISQUALIFICATION OF JUDGE OF SUPERIOR COURT.—The fact that the judge of the superior court of the county in which the irrigation district is situated is disqualified to act upon the particular assessment does not oust that court of jurisdiction of the proceeding in *mandamus*.   Another judge may be called in to hold an extra session, or the governor may designate a qualified judge to hear the case.

APPLICATION for a Writ of Mandate to compel the board of directors of an irrigation district to call an election upon the question of an assessment upon the property in the district.

The facts are stated in the opinion of the court.

Valentine & Newby, and McCutchen, Olney & Willard, for Petitioners.

THE COURT.—This is an application in *mandamus* to compel the board of directors of Imperial Irrigation District to call an election upon the question of a two per cent assessment upon the property in the district, made under the provisions of section 59 of the so-called "Bridgford Act," as amended in 1911 (Stats. 1911, p. 1111). It is claimed that a petition for such election, signed by the required number of electors of the district, has been filed with the board, and that thereby an election is made mandatory, under the provisions of said section. This court is asked to hear evidence and decide as to the genuineness of the 681 signatures to the election petition, a question which will necessarily require much more time than we have at our disposal for such matters. The cases which must be decided by this court because no other court has jurisdiction are so numerous that we are unable to take up original proceedings of which there is concurrent jurisdiction, where it is possible to present them to some other competent court. The fact that the judge of the superior court of Imperial County is disqualified to act upon this particular assessment does not oust that court of jurisdiction. It is easily possible by calling in a judge to hold an extra session, or by securing from the governor a designation of some other judge to sit in that county for this case, to obtain a trial there by a qualified judge. The interested parties may by this means pursue in that court any remedy they may have, whether by *mandamus* or other form of proceeding or action.

For these reasons the application is dismissed, without prejudice to an application or action in any other court.