[S. F. No. 6866. In Bank.—June 11, 1914.]

In the Matter of the Application of J. K. BURCH, for a Writ of Prohibition.

PLACE OF TRIAL—MOTION FOR CHANGE—DISQUALIFICATION OF JUDGE—NOTICE OF MOTION.—A motion made for a change of the place of trial of an action for the reason that the judge of the county in which the action is brought is disqualified is usually addressed to the court regarding matters peculiarly within the knowledge of the judge presiding and generally do not require service of notice of the motion on the judge.

ID.—QUALIFIED JUDGE PRESIDING AT TIME OF HEARING — NOTICE OF MOTION NECESSARY.—But where the moving party knew that a qualified judge called in from another county would be presiding in the superior court in which the action was commenced, on the day on which the motion was made, there is no presumption of law that the judge presiding would be familiar with the facts constituting the disqualification of the trial judge, and it was necessary that notice of the motion should have been properly served upon the parties interested, and in the absence of such notice the motion was properly denied.

ID.—MOTION FOR CHANGE PROPERLY DENIED WHEN QUALIFIED JUDGE IS PRESIDING.—A litigant who makes a motion for a change of the place of trial on account of the disqualification of the judge of the court in which the action or proceeding is pending, and finds a qualified judge presiding at the time of the hearing, is not prejudiced by the refusal of that judge to transfer the action or proceeding to another county, even though the judge who thus assumes the duty of trying the action or hearing the proceeding, had been called from another county by the disqualified judge of the county in which the action or proceeding was pending.

APPLICATION for a Writ of Prohibition.

The facts are stated in the opinion of the court.

James H. Boyer, for Petitioner.

J. E. Pemberton, for Respondents.

MELVIN, J.—This is an original proceeding for a writ of prohibition.

The petitioner J. K. Burch alleges that on January 15, 1914, an action was commenced in the superior court of the county of Lake by E. H. Wilson as plaintiff against Lyon Fraser, sheriff of said county, and J. K. Burch, defendants; that the purpose of the action was to quiet plaintiff's title to certain real property and to restrain Fraser, as sheriff, from executing a sheriff's deed of said property to said Burch; that the Hon. M. S. Sayre, judge of the superior court in and for the county of Lake was disqualified from trying the case by reason of financial interest in the subject of the action; that on the fifteenth day of January, 1914, Hon. M. S. Sayre as judge of said court made an order requesting the Hon. George H. Buck, judge of the superior court of San Mateo County, to preside at the trial of the said action and all proceedings therein; that pursuant to the order Judge Buck held court at Lakeport, the county seat of Lake County, on that same day and made an order restraining Fraser from executing a sheriff's deed to Burch; that on January 20, 1914, at the city and county of San Francisco counsel for the defendants served on counsel for plaintiff an affidavit and notice of motion to transfer the action to the county nearest and most accessible to Lake County; that demand for transfer of the action was

also served on counsel for plaintiff and then filed; that no
counter affidavit or paper of any sort was filed by the plain-
tiff or any one; that on January 24, 1914, after the filing of
all of the said papers, counsel for defendants in open court and
in the presence of Judges Buck and Sayre read the notice of
motion, affidavits, and demand and moved said superior court
to change the place of trial of said action of Wilson v. Fraser
and Burch to the nearest and most accessible county; that
an order was entered denying said motion; and that the Hon.
George H. Buck threatens to proceed, and unless restrained
will proceed, with the trial and further matters connected
with the action of Wilson v. Fraser and Burch.

The answers of respondents both admit the disqualification
of Judge Sayre, and contain allegations that the action of
Wilson v. Fraser and Burch is one of many commenced dur-
ing the last twelve years involving title to the same property
mentioned in that suit; that it has been Judge Sayre's custom,
solely for the convenience and accommodation of the parties
in said actions to request Judge Buck to preside during the
trials and proceedings therein; and that Judge Buck has
heard and disposed of many matters in said litigations, with-
out objection or exception, and frequently by stipulation of
all parties concerned. Judge Sayre's answer further sets
forth the fact that on hearing of the case of Wilson v. Fraser
and Burch, he made the usual request of Judge Buck; and
that he knew nothing of the desire of defendants to have the
action transferred until the twenty-fourth day of January,
1914, when, as a spectator in the superior court of Lake
County where Judge Buck was presiding, he heard counsel
for the defendants read his motion.

The answer of the Hon. George H. Buck is of the same
tenor. He mentions the fact that several times during the
past few years he has held court in Lake County at Judge
Sayre's request in actions and proceedings concerning title
to the property involved in Wilson v. Fraser and Burch. He
also avers that he was invited by Judge Sayre, in the month
of January, 1914, to hold a session of the superior court in
Lake County for the purpose of taking up some matters con-
cerning the real property mentioned; that he accepted the
invitation and attended to some of the pending litigation; that
thereafter on January 24, 1914, he again held court in Lake
County for the purpose of taking up matters long pending,

in connection with litigation commenced many years before, concerning the property mentioned in these proceedings; that a few days before January, 24, 1914, he was informed by telephone that counsel for defendants would move for a change of venue; that on January 24th he held a session of court in Lake County and took up matters which he as judge of the superior court had theretofore set for that date; that the motion was made; and that he denied it upon the ground: 1. That as less than ten days had elapsed between service of notice and hearing of motion no sufficient notice had been given, all the attorneys having their offices in San Francisco and no order shortening time having been entered; and, 2. Because a qualified judge was presiding in the superior court of Lake County.

An alternative writ of prohibition has been issued, and we shall now determine whether it shall be made permanent or shall be dismissed.

*Bohn* v. *Bohn*, 164 Cal. 533, [129 Pac. 981] (cited by respondent), was a case in which the change of place of trial was requested by reason of the residence of the defendant in a county other than the one in which the action had been commenced. Motions made for the reason that a judge is disqualified are usually addressed to the court regarding matters peculiarly within the knowledge of the judge presiding and generally do not require service of notice of the motion on the judge. (*Livermore* v. *Brundage*, 64 Cal. 299, [30 Pac. 848].) But here the moving party knew that Judge Buck would be presiding in the superior court of Lake County on January 24, 1914, the day on which the motion was made, and there was no presumption of law that Judge Buck would be familiar with the facts constituting the disqualification of the Hon. M. S. Sayre. It was necessary, therefore, that the notice of motion should have been properly served upon the parties interested and *Bohn* v. *Bohn* is authority for the first reason given by Judge Buck for denying the motion. Evidently counsel for defendants considered notice of the motion necessary for he gave it to opposing counsel. If he had desired to have the time for serving the notice of motion shortened, doubtless he could have secured the proper order but it does not appear either that he did so or that he asked for a continuance so that he might comply with the provisions of section 1005 of the Code of Civil Procedure. It may be con-

tended that section 398 of the Code of Civil Procedure alone applies to the motion here considered and that the notice contemplated by section 397 of that code is not necessary. Subdivision 4 of the latter section indicates, however, that the legislature intended such notice to be given. *Livermore* v. *Brundage,* 64 Cal. 299, [30 Pac. 848], does not hold that such a motion need not be noticed at all. It merely decides that the judge who is disqualified need not be served. The motion was properly denied for the first assigned reason.

We are also of the opinion that, even ignoring the infirmity of the notice given by counsel for defendants, the motion should have been denied. This court has plainly declared that a litigant who makes a motion of the sort here considered and finds a qualified judge presiding is not prejudiced by the refusal of that judge to transfer the action or proceeding to another county, even though the judge who thus assumes the duty of trying the action or hearing the proceeding, had been called from another county by the disqualified judge of the county in which the action or proceeding was pending. In denying the motion for a hearing in this court of the case of *People* v. *Ebey,* 6 Cal. App. 769, 774, [93 Pac. 379], four of the justices signed an order of the court containing the following language: "In denying the application we desire to say that we do not give our assent to the view of the learned district court of appeal that the judgment should be reversed because the judge who tried the case was the judge of the superior court of another county requested to preside in the superior court of the county in which the case was pending by the judge thereof, who was himself disqualified to try the case. Under the plain and unambiguous language of our constitutional provision (sec. 8, art. VI), a judge of any superior court may preside in the superior court of any county at the request of the judge of the superior court thereof, and, while so presiding, may act in any matter in which he is not disqualified."

In *Imperial Land Co.* v. *Imperial Irrigation District,* 166 Cal. 491, [137 Pac. 234], this court suggested two methods whereby a qualified judge may be secured to preside at a trial in a county in which the only resident judge of the superior court is disqualified—one by calling a judge to hold an extra session; another by securing from the governor a designation of an unbiased judge from another county for the particular

case.   While the question before us in this case was not there
under discussion the court was contemplating some of the
various methods by which a qualified judge may be obtained
for the trial of a cause and clearly section 398 of the Code of
Civil Procedure was not regarded as prescribing the only way
to accomplish that result.   The motion was properly denied
for the second reason assigned by Judge Buck.

Let the alternative writ of prohibition be dismissed.

Henshaw, J., Lorigan, J., Shaw, J., Angellotti, J., and Sloss,
J., concurred.

Rehearing denied.