[Civ. No. 1441.   Third Appellate District.—October 20, 1915.]

YOLO WATER & POWER COMPANY, Petitioner, v. THE SUPERIOR COURT OF LAKE COUNTY, and WILLIAM FINCH, as Acting Judge of said Superior Court, Respondents.

EMINENT DOMAIN—DISQUALIFICATION OF JUDGE—INTEREST IN PROCEEDING—RIGHT TO CALL IN ANOTHER JUDGE—PROHIBITION.—A judge of a superior court who is disqualified from trying an action in eminent domain by reason of his financial interest in the case may, under the provisions of section 8 of article VI of the state constitution, select a qualified judge from another county to act for him, and a writ of prohibition will not lie to restrain such acting judge from proceeding with the cause, upon denying a motion for a transfer of the cause, as provided by section 398 of the Code of Civil Procedure, to the nearest and most accessible court for trial.

APPLICATION for Writ of Prohibition originally made to the District Court of Appeal for the Third Appellate District directed to the Superior Court of Lake County and to William Finch, as acting Judge thereof.

The facts are stated in the opinion of the court.

Theodore A. Bell, for Petitioner.

C. M. Crawford, H. E. Witherspoon, C. S. Wheeler, John F. Bowie, and Nathan Moran, for Respondents.

CHIPMAN, P. J.—Petitioner asks the writ of this court to prohibit the respondent from sitting as judge at the trial of a condemnation proceeding wherein petitioner is plaintiff and the state and certain two hundred and six persons and corporations are defendants, now pending in the superior court of Lake County. Said action was commenced on April 1, 1912, to condemn land lying around the border of Clear Lake so as to raise the water level about ten feet for the purpose of supplying water for irrigating lands in Yolo, Solano, and Colusa counties and to generate hydro-electric power.

It appears from the petition, and is not controverted by the answer, that Judge M. S. Sayre, judge of the superior court of Lake County, is disqualified to try the action by reason of financial interest in the case; that, in 1912, Hon. William Finch, judge of the superior court of Glenn County, was requested by Judge Sayre to try before a jury and he did try the issues of fact affecting one of the defendants, W. P. Mariner, in a separate trial; that Judge Finch, in 1912, at the request of Judge Sayre, heard and determined an issue of law raised by defendant Walter E. Fearn, and that no other issues of law or fact have heretofore been determined in said action; that, on April 2, 1915, plaintiff served upon Judge Sayre a written demand that the place of trial in said action be transferred "to the nearest and most accessible court"; this motion was called up on April 9 for hearing and was continued until April 26; that, on April 26, the Honorable F. B. Ogden, one of the judges of the superior court of Alameda County, "took his seat upon the bench and called the above-entitled action," Judge Sayre being present in the courtroom. Plaintiff's attorney objected to Judge Ogden's

acting in any matters arising in the action, upon the ground that Judge Sayre, being disqualified, was without jurisdiction to invite any other superior judge to hear any matter therein, "and that it was the imperative duty of Judge Sayre to transfer said cause." It appeared that Judge Ogden was requested by Judge Sayre to hear all matters which might arise in the action. It was finally agreed that Judge Ogden might act in any matter which Judge Sayre might pass upon, whereupon plaintiff's motion to transfer the action was renewed upon the ground of Judge Sayre's disqualification. The matter was continued without decision in order to have all the defendants served with notice of the motion, which was subsequently done. Finally, Judge Ogden, on May 27, 1915, made an order that, in view of the fact that Judge Finch had heard and determined the issues of fact in the case as to defendant Mariner and the issues of law raised in defendant Fearn's case, hereinbefore mentioned, "the law clothes the Hon. Wm. Finch with the duty and power to try all issues of law or fact that may be raised in this cause, and that the plaintiff and the defendants herein are bound to submit all issues now raised, or which may be hereafter framed herein, to this court, with said Judge Finch presiding," and denied the motion "without prejudice." Thereupon plaintiff served again a notice on all defendants that it would, on September 2, 1915, move the court to change the place of trial upon the grounds already stated and upon all the papers in the case. It further appeared that, at the time designated in the motion, September 2, 1915 (the answer says September 3), Judge Finch, respondent herein, sat as judge of said court, at the written request of Judge Sayre, "to hear all matters at issue in said action No. 2140, and to hold said court at any future times when any issues in the said action were to be tried," at which time plaintiff's said motion to change the place of trial was pending and several other matters, among them demurrers filed by numerous defendants. Said motion was duly presented to Judge Finch and by him denied.

The contention of petitioner is that, under section 398 of the Code of Civil Procedure, the duty of respondent was imperative to order the case transferred as in said section provided and that he had no power to sit further in the case or to make any other order.

There are several sections of the Code of Civil Procedure more or less brought into view in determining the question, and also section 8 of article VI of the constitution, which latter provides as follows: "A judge of any superior court may hold a superior court in any county, at the request of a judge of the superior court thereof, and upon the request of the governor it shall be his duty so to do." Title VII of the Code of Civil Procedure, on eminent domain, makes no provision for the change of the place of trial, but section 1256 provides: "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." Part II, referred to above, commences at section 307. There are, however, three sections in part I which are referred to in the cases dealing with the question and by counsel in their briefs,—namely, sections 71, 160, and 170. Section 71 is as follows: "A judge of any superior court may hold the superior court in any county, at the request of the judge or judges of the superior court thereof, and, upon the request of the governor, it shall be his duty to do so; and in either case the judge holding the court shall have the same power as a judge thereof." Section 160 provides: "If by reason of sickness, absence, disability, or other causes, a regular session of the superior court cannot be held in any county by the judge or judges thereof, or by a superior judge requested by him or them to hold such court, a certificate of that fact shall be transmitted by the clerk thereof to the governor, who may thereupon request some other superior judge to hold such court." Section 170 has to do with the disqualification of judges and provides that, "No justice, judge, or justice of the peace shall sit or act as such in any action or proceeding: 1. To which he is a party or in which he is interested."

Turning now to part II, we find section 397, which provides that "The court may, on motion, change the place of trial in the following cases: . . . 4. When from any cause the judge is disqualified from acting." Section 398 is as follows: "If an action or proceeding is commenced or pending in a court, and the judge or justice thereof is disqualified from acting as such, or if, from any cause, the court orders the place of trial changed, it must be transferred for trial to a court the parties may agree upon . . . or, if they do not so agree, then to the nearest or most accessible court, where the like objec-

tion or cause for making the order does not exist, as follows: 1. If in a superior court, to another superior court. . . . ''

Section 160 seems to deal with the case where, by reason of the disability of the judge from sickness, absence, or other (like) causes, a regular session of the superior court cannot be held in any county; or if from some such cause a regular session of the court cannot be held by the judge requested by the disabled judge to hold such court, the fact shall be transmitted by the clerk to the governor, "who may thereupon request some other superior judge to hold such court." This section apparently makes a distinction between the disability of a judge to act and his disqualification to act for one of the causes mentioned in section 170, in which latter case the situation is provided for by section 398. This distinction was very clearly pointed out in *John Heinlen Co.* v. *Superior Court,* 17 Cal. App. 660, [121 Pac. 293], which was an eminent domain case. The court there held that "in determining the rules of practice in a case where the judge is prohibited from acting and as to which no provision is made in the title (title VII, Eminent Domain), we must look to title II of the code. . . . Section 170 of the Code of Civil Procedure, however, specifies what shall constitute disqualification of a judge in a *proceeding,* and when the fact of such disqualification is made to appear in an application for change of the place of trial of a proceeding, then, as expressly provided in section 398 of the Code of Civil Procedure, the disqualified judge has no discretion other than to perform the duty imposed upon him by this section. (*Parrish* v. *Riverside Trust Co.,* 7 Cal. App. 95, [93 Pac. 685] ; *Livermore* v. *Brundage,* 64 Cal. 300, [30 Pac. 848].) He cannot transfer either an action or a proceeding, wherein he is interested in the result of the trial, to a judge of his own selection. . . . Under the provisions of that section he may, in case he is unable to hold court by reason of sickness, absence, disability, or other (like) causes, request another judge to sit for him; *or,* the fact of such disability may be certified to the governor, who may request a judge to act. There is a marked distinction between inability to hold court, as mentioned in section 160, and disqualification of the judge, as defined in section 170. The former section cannot be construed to refer to disqualification of a judge on account of his interest in the matter involved in the proceeding." This is as clear a state-

ment of the rule and as logically presented as can be found in any of the cases cited, and, we think, fully sustains petitioner's contention, since both cases arose out of eminent domain proceedings and the direct question arose in both. The case cited in the opinion, *Livermore* v. *Brundage,* 64 Cal. 299, [30 Pac. 848], would seem to support the conclusion reached by the court in the Heinlen case. Of section 398 the court said: "A judge who is a party to a cause pending in his court should not assume to sit in the case, nor has he any authority to retain the case in his court for nonaction. The law imposes upon him a single duty in regard to it, and that is to order the case transferred for trial to the nearest court of an adjoining county." After quoting section 398 the court said: "Other than the duty imposed by this provision of the code, a judge who is a party to an action or proceeding pending in his court has no discretion in the case."

The latest expression of the supreme court, upon the question, to which our attention has been drawn is—*In the Matter of the Application of Burch for a Writ of Prohibition,* 168 Cal. 18, [141 Pac. 813]. In that case an action was pending in Lake County for the purpose of quieting plaintiff's title to certain real property. It was made to appear that the Honorable M. S. Sayre, judge of the superior court for that county, was disqualified by reason of his financial interest in the subject of the action. He requested Hon. George H. Buck, judge of the superior court of San Mateo County, to preside at the trial of said action and all proceedings thereunder. A writ of prohibition was sought in the supreme court to restrain Judge Buck from sitting in the case on the ground that, under section 398 of the Code of Civil Procedure, Judge Sayre's power extended no further than to order the place of trial changed to the nearest or most accessible county; and that when the motion to change the place of trial was made before Judge Buck it was his imperative duty to order the transfer. There was a question in the case, also, whether sufficient notice of the motion had been given. On both points the supreme court upheld the action of Judge Sayre in calling in Judge Buck and the latter in denying the motion. After holding the notice to have been insufficient the court said:

"We are also of the opinion that, even ignoring the infirmity of the notice given by counsel for defendants, the mo-

tion should have been denied.    This court has plainly declared
that a litigant who makes a motion of the sort here considered
and finds a qualified judge presiding is not prejudiced by the
refusal of that judge to transfer the action or proceeding to
another county, even though the judge who thus assumes the
duty of trying the action or hearing the proceeding, had
been called from another county by the disqualified judge of
the county in which the action or proceeding was pending.    In
denying the motion for a hearing in this court of the case of
*People* v. *Ebey*, 6 Cal. App. 769, 774, [93 Pac. 379], four of
the justices signed an order of the court containing the follow-
ing language: 'In denying the application we desire to say
that we do not give our assent to the view of the learned dis-
trict court of appeal that the judgment should be reversed
because the judge who tried the case was the judge of the
superior court of another county requested to preside in the
superior court of the county in which the case was pending
by the judge thereof, who was himself disqualified to try the
case.    Under the plain and unambiguous language of our con-
stitutional provision (sec. 8, art. VI), a judge of any superior
court may preside in the superior court of any county at the
request of the judge of the superior court thereof, and, while
so presiding, may act in any matter in which he is not dis-
qualified.'

"In *Imperial Land Co.* v. *Imperial Irrigation District*, 166
Cal. 491, [137 Pac. 234], this court suggested two methods
whereby a qualified judge may be secured to preside at a trial
in a county in which the only resident judge of the superior
court is disqualified—one by calling a judge to hold an extra
session; another by securing from the governor a designation
of an unbiased judge from another county for the particular
case.    While the question before us in this case was not there
under discussion the court was contemplating some of the
various methods by which a qualified judge may be obtained
for the trial of a cause and clearly section 398 of the Code
of Civil Procedure was not regarded as prescribing the only
way to accomplish that result.    The motion was properly
denied for the second reason assigned by Judge Buck.    Let
the alternative writ of prohibition be dismissed.''

It is suggested that this case is not controlling, first, because
the decision is out of harmony with previous decisions of that
court and, second, that the decision might have rested wholly

on the insufficiency of the notice and it was not necessary to decide the second point. Plainly, we think, both points were in the case and were proper questions for decision. With equal propriety in some other case which may arise it may be urged that the first point was unnecessary to the decision. By such course of reasoning both points would be eliminated and we would have no decision on either one. Our understanding is, in applying the rules laid down in decided cases, that where several questions are distinctly raised and as distinctly decided they are of equal authority for future guidance until overruled.

At the argument our attention was called to the briefs of counsel in the Burch case and to the petition for rehearing, which was denied. And it appeared that practically all the cases now relied upon by petitioner were called to the attention of the supreme court. The reference in the opinion by Mr. Justice Melvin to what was said by four of the justices of the supreme court in *People* v. *Ebey,* 6 Cal. App. 769, 774, [93 Pac. 379], shows that as far back as in 1907 the view was entertained as later expressed in the Burch case. The only distinction we can discover between the case here and the Burch case is that the present case is one in eminent domain and the Burch case was to quiet title to real estate. Unless it can be held that the rule in eminent domain cases should be different from the rule in all other cases where the judge is disqualified to act, we feel bound to follow the decision in the Burch case, and we can see no reason why the several provisions of the Code of Civil Procedure bearing on the question should not apply to eminent domain cases as well as in cases to quiet title. It is very certain that if the statute law would seem to make a rule applicable alone to eminent domain cases, the statute cannot weaken or change the provisions of the constitution, and the supreme court holds that, under section 8 of article VI, "a judge of any superior court may preside in the superior court of any county at the request of the judge of the superior court thereof, and, while so presiding, may act in any matter in which he is not disqualified." (*People* v. *Ebey,* 6 Cal. App. 769, [93 Pac. 379]; see Code Civ. Proc., sec. 71.)

We have referred to some of the cases apparently supporting plaintiff's contention and have so stated the present case that should a petition be presented for hearing in the supreme

court and be denied no doubt will hereafter remain as to what that court as now constituted deems to be the meaning of section 398 of the Code of Civil Procedure, whether it be invoked in an eminent domain case or any other case where the disqualification of the judge of the county in which the case is pending is made to appear.

The writ is denied.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1915.