AUGUSTO SAAVEDRA RIQUELME, Petitioner, *v.* HON. ENRIQUE S. MESTRE, JUDGE OF THE DISTRICT COURT OF AGUADILLA, Respondent.

No. 274.—Argued March 14, 1932.—Decided March 30, 1932.

*José Sabater.* for petitioner. *Martínez Nadal & Martínez Rivera* for defendant in the main action.

MR. JUSTICE WOLF delivered the opinion of the Court.

Enrique S. Mestre is the proprietary judge of the District Court of Aguadilla. For various reasons including a knowledge of and an intervention in the facts of a particular case, he felt himself unable to sit as judge in the action and therefore filed an order disqualifying himself from sitting. The case was No. 9,305, *Adolfo Saavedra Solá et ux.* v. *Augusto Saavedra Riquelme et ux.* Thereupon the Governor of Puerto Rico assigned Luis Samalea Iglesias, then district judge of Arecibo, to act as judge in the said action. Very shortly thereafter, Judge Samalea was appointed district judge of Bayamón, and then the Governor appointed Rafael Sancho Bonet then district judge of Arecibo as the judge who should sit in the said case. While the action was pending the defendants, petitioners in this case, took some action or appeared before Judge Sancho Bonet. Afterward, there was a change of attorney for the defendants and Mr. Sabater, subsequently the attorney, filed the petition in this case of mandamus. The petitioners alleged that Judge Sancho had no right or authority to act and that the proprietary judge Enrique S. Mestre should have transferred the case to the District Court of Mayagüez, possibly after a hearing of the parties, in accordance with section 84 of the Code of Civil Procedure. This Judge Mestre refused to do on the theory that Judge Sancho was completely authorized to act and that he had lost jurisdiction. When the matter was presented to Judge Sancho he likewise refused to consider himself disqualified to act and overruled a motion of the petitioners to

prevent him from acting. Then these petitioners presented both a writ of mandamus and a writ of prohibition.

Section 84 of the Code of Civil Procedure provides:

"If an action or proceeding is commenced or pending in a court, and the judge thereof is disqualified from acting as such, or if, for any cause, the court orders the place of trial to be changed, it must be transferred for trial to a court the parties may agree upon by stipulation in writing, or made in open court and entered in the minutes; or, if they do not so agree, then (to) the nearest court where the like objection or cause for making the order does not exist, as follows:

"1. If in the district court, to another district court."

However, there is another law in force in Puerto Rico which authorizes the Governor to appoint judges in certain cases. It reads as follows:

".... *Provided*, That the Governor, upon the recommendation of the Attorney General, may, if the public service requires it, order any other district judge to fulfill the duties of any judge regularly appointed when he is temporarily disqualified, either on account of illness or any other cause;" (Laws of 1904, p. 105.)

Curiously enough, each of these acts was passed on the 10th of March, 1904. The courts, therefore, are bound to attempt to allow both acts to stand.

The jurisprudence of California is clear that under section 398 of the Code of Civil Procedure, which corresponds to section 84 of our code, the proprietary judge is bound to hear the parties and ultimately to transfer the case. *Krumdick* v. *Crump*, 98 Cal. 117; *Livermore* v. *Brundage*, 64 Cal. 299.

In *People* v. *Juliá et al.*, 25 P.R.R. 262, a proprietary judge was away on vacation and the objection was made that the special act of March 10, 1904 did not apply to that case. This Court held that not only cases of sickness were included but also absences or otherwise. Reading both acts with care we are of the opinion that the special act of March 10, 1904, covers disabilities in general and the cases where for some such

disability a judge can act in no case, while section 84 specifically covers the case of a judge who is disqualified in a particular action as in the present case. Therefore, it became the duty of Judge Mestre to hear the parties in accordance with the said section 84.

There was some argument that the parties had submitted to Judge Sancho. Such a submission under the various sections of the Code of Civil Procedure is to the particular court. There was no doubt that here the parties were primarily submitted to the District Court of Aguadilla, so that those sections do not apply. Therefore, we feel bound to hold that Judge Mestre should have acted in accordance with section 84 of the Code of Civil Procedure, and consequently a mandamus will issue ordering him to hear the parties in compliance with the provisions of section 84, *supra,* and to act accordingly.